WILLIAMS, APPELLANT AND CROSS-APPELLEE, *v.*
GOODWIN, APPELLEE AND CROSS-APPELLANT, ET AL,
APPELLANT.

(No. 1473—Decided June 9, 1950.)

*Messrs. Myers & Spurlock,* for appellant.
*Mr. Charles F. Schaber,* for appellee.

*Per Curiam.* These are appeals and a cross-appeal on questions of law from a judgment of the Common Pleas Court of Crawford County, Ohio.

Ann Augustine Williams, as plaintiff, filed her petition against Gail Goodwin as defendant, in the Common Pleas Court of Crawford County, Ohio, in which she, in substance, alleged:

On November 28, 1948, plaintiff was the owner of a 1941 model Chevrolet 2-door sedan automobile, then worth $1,000, which automobile, at or about three-thirty p. m. of said day, was being operated with plaintiff's consent by one Santo Augustine northerly on and along Rogers street in the city of Bucyrus, Ohio.

Rogers street then had a hard surface, was duly dedicated and open for travel, and was then intersected by Lucas street, likewise hard surfaced, duly dedicated and open for public traffic.

Rogers street runs in a general northerly and southerly direction, Lucas street runs in a general easterly and westerly direction, and the two streets intersect at right angles.

At the aforementioned time, defendant Goodwin was operating a certain automobile in a westerly direction on and along Lucas street in the city at a rate of speed of not less than forty miles per hour.

As Augustine approached Lucas street, he looked in both directions for vehicles on Lucas street and, seeing none, proceeded to and did enter into the aforementioned intersection, when suddenly the

defendant Goodwin, traveling westerly in the automobile driven by him, without stopping his automobile or decreasing its speed drove directly into the path of travel of the automobile within the intersection driven by Santo Augustine, so as to cause the two automobiles to collide. The automobile of plaintiff was damaged beyond repair and reduced to a fair value of $250.

Plaintiff alleged further that said defendant Goodwin was, by his conduct and acts. as hereinbefore set forth, negligent in causing such collision, in that he failed to look for other automobiles on such streets, failed to decrease the speed of the automobile driven by him, and failed to stop the automobile driven by him, when he knew, or by the exercise of due and ordinary care and caution should have known, by seeing, the automobile of plaintiff coming toward and into the intersection at said time and place, all of which aforestated acts and conduct on part of defendant were the direct and proximate cause of the injuries and damages to said automobile of the plaintiff, without any fault or negligence on the part of the plaintiff, thereby causing plaintiff her loss in the way of damages in the amount of $750.

Plaintiff prayed for damages in the amount of $750 and for costs of suit.

In his answer to the petition defendant Goodwin admitted that on the date charged in the petition plaintiff was the owner of the automobile of which she alleged she was the owner; that on the day and at the time of day alleged in the petition, such automobile was being operated with plaintiff's consent by Augustine in a northerly direction on Rogers street as alleged in the petition; and that such street then had a hard surface and was a duly dedicated street and open for traffic. Defendant Goodwin further admitted

that the street was intersected by Lucas street, likewise hard-surfaced, duly dedicated and open for travel, and that said streets run in the general directions alleged in the petition, and intersected at right angles. Defendant Goodwin admitted further that at the time aforesaid he was operating a certain automobile in a westerly direction on and along Lucas street in the city of Bucyrus, Ohio, and admitted that a collision of such cars occurred in the intersection.

Defendant Goodwin denied that the collision occurred in the manner set forth in plaintiff's petition and for the reasons therein set forth, and denied each and every statement and allegation contained in plaintiff's petition not expressly admitted in the answer to be true.

Answering further, defendant Goodwin denied that he was in any manner careless, negligent, or reckless in the operation of his automobile, and stated that the collision resulted from the negligence of the operator of plaintiff's automobile, and that any damages sustained by the plaintiff were the proximate result of the carelessness and negligence of the driver and operator of plaintiff's automobile.

To the answer of the defendant Goodwin the plaintiff filed a reply in which she denied each and every, all and singular, the material allegations contained in the answer which were inconsistent with the allegations of the petition.

Following the filing of the answer, the defendant Goodwin filed a motion to make The Ohio Farmers Insurance Company a party defendant to the action, for the stated reason that said insurance company was interested in the controversy and was a necessary party to a complete determination of the questions involved in the suit. After hearing, the court sustained this motion and ordered The Ohio Farmers Insurance Com-

pany to be made a party defendant, and summons was then served upon the insurance company, following which the insurance company filed an answer.

This answer was almost wholly evasive and no relief was asked, but in it the insurance company, among other things, alleged that "answering under the command of said summons * * * in equity it considers the fact to be that plaintiff might be a trustee for it depending upon the verdict and/or the judgment which might subsequently be rendered or entered herein."

The defendant Goodwin did not file any motion to strike the answer from the files as being evasive or as being a sham, or to require the insurance company to make it more definite and certain.

The pleadings above mentioned were the pleadings upon which the cause was submitted in the Common Pleas Court.

A jury was impaneled, and trial began November 30, 1949. The plaintiff offered her evidence and rested. Thereupon the defendant made a motion for a directed verdict which, after argument of counsel, was overruled by the court.

Following the action of the court in overruling the motion for directed verdict, defendant called plaintiff to the witness stand, as well as one A. C. Hunter, both of whom testified to the effect that plaintiff carried collision insurance on her automobile under a policy issued by The Ohio Farmers Insurance Company and had been compensated by the insurance company for a portion of the damage claimed to have been sustained by her.

This testimony and the other testimony of these witnesses conclusively proved that The Ohio Farmers Insurance Company was entitled to subrogation for the amount it had paid plaintiff and that by reason thereof the insurance company had an interest in the

subject matter of the cause of action pleaded by plaintiff, to the extent of the amount paid by it.

Thereupon defendant made a motion that the cause be dismissed for the reason that the action was not brought by the real party in interest.

Following the arguments on this motion the attorneys for plaintiff requested leave to file an amended answer on behalf of The Ohio Farmers Insurance Company. Counsel for defendant objected to the filing of such amended answer for the reason that the same would substantially change the claim of the plaintiff and of the insurance company and that the defendant could not proceed in the present trial in presenting his defense and was not prepared at the time to do so.

After further argument, the court overruled the motion of defendant insurance company for leave to the insurance company to file an amended answer, and sustained the motion of defendant Goodwin to dismiss the action on the ground that the same was not brought by the real party in interest, and rendered and entered judgment dismissing the action at the costs of the plaintiff.

The plaintiff, Williams, and defendant The Ohio Farmers Insurance Company filed separate notices of appeal upon questions of law to the Court of Appeals from that judgment. The defendant Goodwin filed notice of his cross-appeal upon questions of law to the Court of Appeals from the decision, order and judgment of the Common Pleas Court entered December 9, 1949, overruling his motion for a directed verdict made at the close of plaintiff's evidence and the resting of her case. These are the appeals and cross-appeal under consideration.

Plaintiff assigns error in the following particulars:

I. The court erred in sustaining the motion made by defendant-appellee in the trial court to dismiss

the action of plaintiff, made after the resting of plaintiff's case in chief, and after defendant had called two of his witnesses to the witness stand, who testified and were cross-examined, all as is shown by the docket and journal entries and as is also displayed by a bill of exceptions, to which judgment of dismissal the plaintiff excepted and does still except.

II. The sustaining of such motion to dismiss the action of plaintiff denied plaintiff of her substantial rights and particularly the right to have the issues joined under the pleadings submitted to the jury.

III. The plaintiff had a constitutional right to have her cause submitted to the jury and tried by the jury.

IV. The plaintiff sustained a grievous legal wrong and was unjustly denied of her statutory and common-law right in and by the dismissal of her action, against her consent and over her objection and exception.

The Ohio Farmers Insurance Company assigns error in the following particulars:

I. The court erred in denying The Ohio Farmers Insurance Company the right to amend its answer and to file supplemental pleading.

II. The court erred in entering an order or judgment of dismissal.

III. The finding, order and judgment of the court is contrary to law.

IV. The order and judgment of the court is contrary to the record facts.

On his cross-appeal defendant Goodwin assigns error in the following particulars:

I. The Court of Common Pleas erred in overruling the motion of defendant for directed verdict in favor of defendant made at the close of the evidence offered by plaintiff at the trial of the cause.

II. The Court of Common Pleas erred in not directing verdict for defendant upon motion of defend-

ant made at the close of the evidence offered by plaintiff at the trial of the cause.

III. Judgment should have been rendered for defendant upon his motion for directed verdict in his favor.

IV. The order and decision of the Court of Common Pleas in denying motion for directed verdict is contrary to law.

In this court, defendant Goodwin filed his motion to dismiss the appeal of The Ohio Farmers Insurance Company for the stated reason that there is no final order as to The Ohio Farmers Insurance Company to be reviewed by this court, and this court is without jurisdiction to review the order complained of by The Ohio Farmers Insurance Company.

From the statement of this case it will be noted that The Ohio Farmers Insurance Company was duly made a party defendant to the action upon the motion of the defendant Goodwin, charging that it had or claimed to have an interest in the controversy adverse to plaintiff, and that it was a necessary party to a complete determination of the question involved in the suit, and that it was duly served with summons as such party defendant, and filed its answer in the cause.

While the answer of The Ohio Farmers Insurance Company was evasive, its pleading disclosed that it did have an interest of some character adverse to plaintiff and also adverse to defendant in the subject matter of the action, and the evidence elicited by the defendant Goodwin, as above mentioned, proved that such interest was that of a subrogee of the plaintiff in a portion of the cause of action upon which the suit was based.

As The Ohio Farmers Insurance Company was a party to the action and bound by the judgment ren-

dered therein, which was adverse to any right it might have as subrogee, it had the necessary legal capacity to appeal from such judgment, and the motion to dismiss its appeal will therefore be overruled.

We will now consider together the assignments of error upon the appeals of Ann Augustine Williams and The Ohio Farmers Insurance Company.

As The Ohio Farmers Insurance Company, in its capacity as subrogee of a portion of the cause of action of the plaintiff, did not join as a party plaintiff in the action, it was properly made a party defendant and served with summons, thereby constituting it a party to the action, having the same standing therein as if it had joined as a party plaintiff.

Upon the insurance company being made a party to the action, as aforesaid, all persons necessary to a complete adjudication of the matter in controversy were before the court and subject to being bound by its judgment therein.

In this situation, it is obvious that the Common Pleas Court erred in sustaining the motion to dismiss the action for the reason stated in the motion to dismiss, that is, that the action was not brought by the real party in interest.

However, the fact that the court erred in the respect mentioned does not necessarily require the reversal of the judgment, because if there are other reasons appearing of record warranting the judgment dismissing the action, the error in rendering the judgment for an erroneous reason is not considered as prejudicial to the parties complaining and does not warrant the reversal of the judgment.

We will therefore consider whether there are any other reasons apparent of record warranting the judgment of dismissal, and whether the court erred in overruling the motion of The Ohio Farmers In-

surance Company for leave to amend its answer and to file a supplementary pleading.

From the record in the case it appears that the automobile owned by plaintiff and driven by Augustine, and the automobile owned by the defendant Goodwin, and driven by him, approached the intersection of their paths at or about the same time.

In this situation, the automobile on the right, which was the automobile driven by the defendant Goodwin, if proceeding toward the intersection lawfully, had the right of way which allowed it to proceed uninterruptedly in a lawful manner in the direction in which it was moving, in preference to the automobile owned by the plaintiff and driven by Augustine, approaching from the left into its path.

In her petition, the plaintiff alleges that the defendant Goodwin was operating his automobile at a rate of speed of not less than forty miles per hour, and that he negligently caused the collision between his automobile and the automobile owned by plaintiff in failing to look for other automobiles on such streets, in failing to decrease the speed of the automobile driven by him, and in failing to stop the automobile driven by him when he knew, or by the exercise of due care and caution should have known, by seeing, that the automobile of plaintiff was coming toward and into the intersection at said time and place.

The only testimony as to the manner in which the plaintiff was operating his automobile at and prior to the collision is the testimony of Augustine, the driver of plaintiff's automobile. This testimony is, in substance, as follows:

As Augustine, driving plaintiff's automobile at a rate of speed of about 20 miles per hour, arrived within about 30 feet of the intersection where the collision occurred, he looked to his right, to the east

on and along Lucas street, and saw an automobile come into said street from Hopley avenue, one block from Rogers street, and proceed westerly on Lucas street, but that he did not know whether that was the automobile driven by Goodwin with which his automobile afterward collided, and that he did not observe how fast the automobile was proceeding.

He did not testify as to the length of the block extending from Rogers street along Lucas street to Hopley avenue.

As he came within ten feet of the intersection where the collision occurred, he slowed the speed of the car driven by him to about five or ten miles per hour, and again looked to his right along Lucas street and saw no automobile on Lucas street approaching the intersection, but saw two automobiles parked near the intersection along the south side of Lucas street. He then looked to his left and saw no cars approaching the intersection, and then looked to his right again when near the middle of the intersection, and, "a split second" before the collision occurred, saw the automobile driven by the defendant Goodwin approaching from his right on Lucas street, travelling at a rate of speed of between 40 and 55 miles an hour.

After the collision, both automobiles came to a stop at the northwest corner of the intersection of Rogers and Lucas streets.

From other evidence in the record it appears that both automobiles involved in the collision were damaged to about the same general extent.

Photographs of plaintiff's automobile were introduced in evidence, but, from the nature and extent of the damages to plaintiff's automobile, as reflected by the photographs, it would be impossible for any one to determine the speed of either automobile at the time of the collision.

From the testimony of Augustine it appears that if he had looked to the right when he was within ten feet of the intersection, or at any time before he reached the middle of the intersection, he would have observed the approach of defendant's automobile toward or into the intersection, and, by yielding the right of way, as he was required to do by statute, could have avoided the collision.

Consequently, it is obvious that he either did not look, or, having looked, failed to yield the right of way, so that in either event he was guilty of negligence contributing proximately to cause the damages sustained by plaintiff's automobile.

Furthermore, Augustine's testimony as to the speed of the defendant's automobile is wholly speculative, in that, in his position in the automobile driven by him into the path of defendant's automobile· near the middle of the intersection, it would be impossible for him, in a "split second" before the collision occurred, to make any determination of its speed. Augustine's testimony as to the speed of the defendant Goodwin's automobile is therefore incredible and without any probative effect. *Black* v. *City of Berea,* 137 Ohio St., 611, 627, 32 N. E. (2d), 1, 132 A. L. R., 1391; *Schaefer* v. *Cincinnati Street Ry Co.,* 75 Ohio App., 288, 292, 62 N. E. (2d), 102.

The testimony of record therefore did not tend to prove any of the acts of negligence on the part of the defendant Goodwin, pleaded in the petition.

As the evidence above mentioned tended to prove that Augustine was, as a matter of law, guilty of negligence contributing proximately to cause the damages to plaintiff's automobile, and there was no evidence tending to prove negligence on the part of the defendant Goodwin in any of the particulars specified in the petition, the judgment of dismissal rendered and

entered by the Common Pleas Court is sustained by valid reasons appearing in the record.

As the record affirmatively shows that the plaintiff had no cause of action against the defendant Goodwin, the court, in the exercise of its discretion, was authorized at any time after that fact was developed by the evidence to render judgment dismissing plaintiff's action and, under the circumstances, such dismissal will not be considered as prejudicial to plaintiff or The Ohio Farmers Insurance Company, plaintiff's subrogee.

It is a general rule that the refusal of a trial court to permit the amendment of pleadings on the trial is not an abuse of discretion reviewable by the reviewing court. 2 Ohio Jurisprudence, 1066 *et seq.*, and 1694.

This rule, in view of the evasive character of the answer filed by the insurance company, is particularly applicable to the refusal of the court in the instant case to permit The Ohio Farmers Insurance Company to amend its pleading.

For the reasons mentioned, the court did not err to the prejudice of either of the appellants in any of the particulars assigned by either the plaintiff or The Ohio Farmers Insurance Company.

We will turn now to a consideration of the assignments of error upon the cross-appeal.

Although the judgment appealed from purports to be rendered for the reason that the action was not brought by the real party in interest, it operated as a final adjudication of the action to the same extent as if it were rendered upon a verdict directed by the court at the close of plaintiff's evidence, so that the defendant Goodwin is not in any way prejudiced by the overruling of his motion for a directed verdict in his favor.

172

Finding no error prejudicial to the complainants in any of the particulars specified in any of the assignments of error of any of the parties, the judgment of the Common Pleas Court is affirmed at the costs of the appellants, Ann Augustine Williams and The Ohio Farmers Insurance Company, and the cause is remanded for execution.

*Judgment affirmed.*

GUERNSEY, P. J., MIDDLETON and JACKSON, JJ., concur.