Naso, Appellant, *v.* Daniels et al., Appellees.

[Cite as Naso v. Daniels, 8 Ohio App. 2d 42.]

(No. 653—Decided March 13, 1964.)

*Mr. Paul D. Beach*, for appellant.
*Mr. Russell E. Rakestraw*, for appellees.

GUERNSEY, J. The plaintiff, Paul Naso, appellant herein, commenced action in the Court of Common Pleas, alleging breach of warranty in that the defendants, Jennings M. Daniels and Ethel E. Daniels, appellees herein, had conveyed to him by deed of general warranty three platted lots "together with the east half (½) of the vacated alley lying west of said lots" and that after such conveyance the plaintiff was denied possession of the described portion of the vacated alley by reason of the superior title of another.

In their amended answer the defendants admitted signing a paper purporting to be a deed to plaintiff, generally denied the other allegations of the petition, and for their amended cross-petition alleged the making of a contract for the sale by them to plaintiff of the three platted lots, the inclusion by the scrivener in the deed description of the phrase pertaining to the alley, that said inclusion was contrary to the contract of the parties and a mutual mistake, that defendants signed the purported deed believing same to express the contract and intentions of the parties, that the deed "mistakenly contains land which the parties hereto never bargained for nor agreed to either sell or to purchase," and that for these reasons it should be reformed to effectuate their contract.

At the commencement of the trial to the court without a jury, answers to interrogatories and certain exhibits were offered and admitted into evidence. It is also claimed by appellant that counsel for defendants stipulated that they had "signed a warranty deed to said lands, which deed included the east half (½) of the alley lying west of said lots." Although

a document signed by defendants' attorney entitled "stipulation of fact," and including such a statement, is with the file of original papers in the action, it is not file-stamped, does not purport to be an agreement between counsel, and the bill of exceptions does not show its offer or introduction into evidence during trial.

During trial the parties proceeded, with approval of the court, as if on plaintiff's petition only and the plaintiff rested after the introduction of his evidence. The defendants then continued with their evidence, offered both on plaintiff's petition and on the defendants' cross-petition. Apparently both counsel proceeded from the beginning on the theory that the portion of the description in the deed which pertained to the vacated alley had been included therein by the scrivener before the deed had been signed by the grantors on December 30, 1960. However, during defendant's presentation the scrivener, an attorney in the employ of defendants, testified to the effect that when the deed was executed by defendants in his office on December 30, 1960, it contained only a description of the three platted lots, that without the express consent of the defendants and without their actual knowledge he thereafter, on January 3, 1961, with the knowledge and consent of plaintiff, added to the description the phrase pertaining to the vacated alley, and that the deed, as so amended, was thereafter delivered to the plaintiff. In explanation thereof he testified that he had incorrectly concluded from certain records which he had examined between these dates, while checking the title to the premises in order to prepare a title certificate to be delivered to plaintiff, that the defendants owned the portion of the vacated alley and that it should be included in the conveyance to plaintiff. Following this testimony of the scrivener, upon motion of the defendants, over the objection of the plaintiff and without permitting plaintiff to offer any further evidence (although the plaintiff proffered that he had four witnesses to call, three of whom would testify that the alley "definitely was included in their purchase of lots"), the Common Pleas Court entered its judgment dismissing plaintiff's petition and reforming the deed to conform to its status as of the time it was signed by defendants on December 30, 1960. This is the judgment to which this appeal pertains.

The appellant assigns error in the following particulars:

"1. The trial court erred in overruling plaintiff-appellant's motion to strike attached copy of offer to purchase from amended answer and cross-petition.

"2. The trial court erred in ordering plaintiff's petition dismissed and decreeing that deed was void when counsel for defendants, in stipulation of fact number nine stipulated: 'That defendants signed a warranty deed to said lots which deed included the east half of the alley lying west of said lots.'

"3. The judgment is contrary to law and against the weight of the evidence.

"4. The court erred in overruling plaintiff's motion for separate conclusions of fact and law.

"5. The court erred in refusing to grant plaintiff a full trial and in sustaining defendants' motion to dismiss plaintiff's petition and void the deed in the center of the presentation of defendants' defense to plaintiff's petition."

Without considering or deciding whether the trial court committed error in refusing to strike the offer to purchase attached to the amended answer and cross-petition, we note that the appellant does not assign error as to the admission in evidence during trial of the identical offer to purchase, although he did object thereto. Under the circumstances of this case, the assigned error is not shown to be prejudicial to appellant and is therefore without merit.

Regarding the second assignment of error, the document referred to, if stipulation at all, must be brought into our record before it may be considered by this court on appeal. As has been heretofore observed there is nothing in the transcript of docket and journal entries and bill of exceptions to show that it was filed in the cause, presented to the Common Pleas Court, offered into evidence, or in any way considered by the court in the trial of the action. Under these circumstances there is no showing in our record of error as thus assigned and the assignment is therefore without merit.

Passing to the fifth assignment of error, it would appear that the court's action in dismissing plaintiff's petition and in entering judgment on the cross-petition, on motion of the defendants made after the testimony of two defense witnesses, even if it might be considered that the defendants by making

their motion had rested, served to foreclose the plaintiff from offering any evidence in rebuttal to the defense evidence. Also, as the defendants were then first submitting evidence on their cross-petition the plaintiff was likewise foreclosed from countering such evidence. If the defendants had not introduced any new matter respecting the issues joined on the petition, the plaintiff would not be entitled to rebuttal, for having the affirmative of the issues on the petition he was required to give all his evidence in support of such issues in the first instance. *N. W. Graham & Co.* v. *W. H. Davis & Co.*, 4 Ohio St. 362; *Loewenstein* v. *Bennet*, 19 C. C., 616, 10 C. D. 530; *Schaal* v. *Heck*, 17 C. C. 38, 8 C. D. 596 (affirmed 54 Ohio St. 618); and *O. F. Mehurin & Son* v. *Stone*, 37 Ohio St. 49. Concurrent with his right to rebut new matter on the issues joined on the petition the plaintiff has at least an equal right to offer evidence in answer to the evidence which the defendants introduce on the issues joined on the cross-petition. These concurrent rights to proceed with the case and offer further evidence are, however, subject to the discretion, if not duty, of the court to enter judgment, as a matter of law, at any time that the right to such judgment appears. In similar procedure in the case of *Williams* v. *Goodwin*, 90 Ohio App. 159, the trial court dismissed an action as not having been brought by the real party in interest when such fact was first conclusively developed during the introduction of the defendant's evidence and this court, in affirming such judgment, held that "as the record affirmatively shows that the plaintiff had no cause of action against the defendant Goodwin, the court, in the exercise of its discretion, was authorized at any time after that fact was developed by the evidence to render judgment dismissing plaintiff's action * * *."

To determine whether the Common Pleas Court committed error in its judgment dismissing plaintiff's petition and reforming the deed we must determine whether on the *undisputed* facts, at that time established, the judgment could be entered as a matter of law.

There is no doubt that either or both the attorney for the plaintiff and the attorney for defendants, who was a different attorney than the scrivener of the deed, may have been taken by surprise when it was developed by the testimony of the scrivener that he had added the phrase pertaining to the

alley to the deed description without the actual knowledge of the defendants and without their consent between the time the deed was signed by the defendants and January 9, 1961, the date when delivery actually took place.

Assuming that the plaintiff does not dispute such testimony and that same is conclusive as to the time and manner in which the addition was made on the deed, is the plaintiff thereby precluded from recovery on the warranty on the deed and are the defendants thereby entitled to reformation of same?

In 3 Corpus Juris Secundum 961 *et seq.*, Alteration of Instruments, we find the following:

Section 46 a. "A change in an instrument before its complete execution will not ordinarily be considered to be an alteration, although under some circumstances the instrument may be unenforceable for lack of mutual assent.

"* * *

"Where the grantee's name in a deed is erased, and that of another substituted, before the deed has become effective by delivery, the alteration does not avoid the deed, but it will be given effect in the form in which it was finally delivered; and an interlineation in a deed relating to the description, made before its execution, is treated as a part of the deed. Also, it has been held that interlineations made in a deed after acknowledgment and delivery, but before being recorded, and with the consent of the parties, for the purpose of altering the estate, do not affect its validity as between the parties, nor render it inadmissible in an action of ejectment to show title in the grantee."

Section 54 a. "An alteration by a person who is acting under the authority of a party to the instrument is binding on such party."

Section 55 a. "An agent may bind his principal by an alteration only if he is authorized to make it."

Section 56 "A party to an instrument is bound by an alteration made therein with his consent."

Section 58 a. "The parties to an instrument under seal may by consent make a change in it before complete execution, and, since a complete execution of a deed is consummated only by final delivery, the mere signing and sealing of an instrument does not preclude changes by consent before delivery."

Section 60. "The consent of a party to an alteration may be given expressly or impliedly."

Section 75 "An altered instrument is binding on parties ratifying or waiving the alteration and on parties who are estopped to assert it."

In 4 American Jurisprudence 2d 23, Alteration of Instruments, Section 24, it is stated:

"Although there are indications of a contrary doctrine in a few cases, the rule followed generally is that, in the absence of a statute making acknowledgment or attestation of an instrument, such as a deed or mortgage, a prerequisite to the validity thereof, an alteration made in such an instrument, by consent of the parties, after execution and acknowledgment or attestation, and either before or after delivery, or even after recording, does not, as between the parties thereto, render invalid the instrument as originally executed. Also, the alteration itself is generally held to be valid and effective as between the parties to the instrument, especially where there is a redelivery after the alteration, without a new attestation or acknowledgment, although there is some authority to the contrary.

"When acknowledgment or attestation is a prerequisite to the validity of the instrument as between the parties thereto, alterations made therein, by consent, after acknowledgment or attestation thereof, are not effective without a reacknowledgment or a new attestation. * * *."

Although Section 5301.01 et seq., Revised Code, provides for the attestation and acknowledgment of deeds and other instruments for the conveyance or encumbrance of lands, the Supreme Court of Ohio has followed the rule stated in 7 Thompson on Real Property (Perm. Ed.) 416, that the "acknowledgment of a deed is required by statute chiefly for the purpose of affording proof of the due execution of the deed by the grantor, sufficient to authorize the register of deeds to record it," and has stated and held that "a defectively executed conveyance of an interest in land is valid as between the parties thereto, in the absence of fraud." *Citizens National Bank in Zanesville* v. *Denison*, 165 Ohio St. 89; *Logan Gas Co.* v. *Keith*, 117 Ohio St. 206; and *Baldwin* v. *Snowden*, 11 Ohio St. 203, 78 Am. Dec. 303.

In the case of *Meeks* v. *Stillwell*, 54 Ohio St. 541, where an

addition was made to a deed after the same was completely executed but not delivered, the Supreme Court held:

"1. The rule that delivery of a deed of gift may be to a stranger for the use of the grantee implies that the instrument truly expresses the intention of the grantor. But where the instrument so delivered does not express the real intent of the grantor, and has not been recorded nor actually delivered to the grantee, the grantor may lawfully resume possession of the instrument and correct it so that it will conform to the real intent."

Moreover, a covenant of warranty is not part of the conveyance of land, is a contract divisible and separable from it (26 Corpus Juris Secundum 628, Deeds, Section 22e), and there are no statutory requirements in Ohio requiring either its attestation or its acknowledgment. It may thus be altered, with reference to its subject matter, in the same manner as contracts generally and without reference to the time of attestation or acknowledgment. In the situation which here exists the question whether the deed was effective to convey the described portion of the vacated alley is not involved. It is acknowledged by all parties that it could not be for the grantors had divested themselves of all title to the vacated alley many years previously. Instead the issue is whether the instrument was effective to constitute a contract to respond in damages for the failure to convey title to the described portion of the alley.

It is our opinion, therefore, that an enforceable contract of warranty as to the conveyance of the described portion of the vacated alley existed by and between the grantors and the grantee, provided that the amendment to the deed description by the scrivener, who was the attorney agent of the grantors, after signature and before delivery, was effected either through the authorization or consent of the grantors, express or implied, or provided that such amendment was ratified by the grantors, or provided that they are estopped to deny the validity of the contract of warranty.

Although, for the purposes of this appeal, we have assumed the conclusiveness of the attorney-scrivener's testimony as to the manner in which and the time when the amendment took place, we cannot, nor could the trial court, consider conclusive his testimony that the amendment was accomplished without

the defendants' consent. Such testimony merely constituted a mixed conclusion of law and fact on the part of such witness. Authority for, or consent to, the amendment might, upon a complete trial and weighing of the evidence, be implied from the circumstances, or ratification or estoppel might be proven to exist.

We conclude that the trial court committed error prejudiciaol to the plaintiff in denying the plaintiff the right to submit evidence on these matters and in entering its judgment as a matter of law, and that for such reasons both the plaintiff's third and fifth assignments of error are well taken.

As the purpose of separate conclusions of law and fact is to enable a reviewing court to determine the existence of assigned error in a trial court's judgment and as this court has been able to determine in this case the existence of reversible error without reference to separate conclusions of law and fact, the refusal of the Common Pleas Court to make separate conclusions of law and fact, if error at all, was not prejudicial to the appellant and his fourth assignment of error is therefore without merit.

This court finding error as aforesaid, the judgment of the Common Pleas Court is reversed and vacated and the cause is remanded thereto with instructions to overrule the defendants' motion on which the judgment was based, for resumption of trial at such point, and for further proceedings as provided by law.

*Judgment reversed.*

Middleton, P. J., and Younger, J., concur.