DECISION AND JUDGMENT ENTRY
Following a trial to the court, David Jablonski, Robert Peirce, Robert Cornelius, Kim Ullery and Ryan Cornell were found liable for unpaid rent, unpaid expenses and damages arising out of the rental of 48 and 50 Smith Street in Athens, Ohio. Ryan Cornell appeals the trial court's judgment and assigns the following errors:
 1. Athens County Municipal Court Judge Douglas Bennett erred when he failed to consider evidence presented to the court by defendants that stated the Plaintiff agreed to rent the apartments at 48 and 50 Smith St. to only four persons (2 each unit) (* * *)
 2. Athens County Municipal Court Judge Douglas Bennett erred when he failed to consider the testimony by Plaintiff that he did, in fact, agree to rent 48 and 50 Smith St. to no more than four persons (* * *)
 3. Athens County Municipal Court Judge Douglas Bennett erred when he failed to recognize that six persons signed a lease for the apartments at 48 and 50 Smith St., a property zoned for no more than five occupants and agreed to be rented to no more than four persons (* * *)
 4. Athens County Municipal Court Judge Douglas Bennett erred by rendering a decision in favor of Appellee, thus Appellant Ryan Cornell is not liable for monetary damages and expenses awarded Appellee by the Athens County Municipal Court.
Based on the appellate briefs and the record, it is evident that this matter arises out of a landlord/tenant dispute that was resolved in favor of the landlord. The trial court held all five defendants jointly and severally liable in the amount of $5,764.49. Appellant filed a timely appeal.
On October 20, 1999, appellant was ordered by this Court to file the transcript of the lower court proceedings on or before October 29, 1999. Appellant's response to this order stated that he was financially unable to pay the fees to obtain the transcript and did not believe the transcript was necessary for the determination of this case.
The duty to provide a transcript for appellate review falls upon the appellant as he bears the burden of showing error by reference to matters in the record. Knapp v. Edwards Laboratories
(1980), 61 Ohio St.2d 197, 199. App.R. 9(B) provides, in part, that "* * * the appellant, in writing, shall order from the reporter a complete transcript or a transcript of the parts of the proceedings not already on file as the appellant considers necessary for inclusion in the record * * *." Further, "[i]f the appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the weight of the evidence, the appellant shall include in the record a transcript of all evidence relevant to the findings or conclusion." App.R. 9 (B). Moreover, none of the alternative means provided in App.R. 9 were utilized to create a substitute for a transcript.
We also note that no findings of fact were issued by the trial court. Pursuant to Civ.R. 52, when questions of fact are decided by the court, a judgment entry "may be general" unless a party makes a specific request for findings of fact and conclusions of law. The purpose of separate findings of fact is to aid the reviewing court in determining whether the assigned error exists.Naso v. Daniels (1964), 8 Ohio App.2d 42, 50. Here, the trial judge issued a general entry in which he found the defendants liable and determined the amount of the judgment. There is no indication that either party requested findings of fact and the trial court cited no facts in its decision and judgment entry.
In his first three assignments of error, appellant contends that the trial court erred in failing to consider evidence that appellee agreed to rent the apartments to only four persons, failing to consider appellee's testimony that he agreed to rent to no more than four persons and failing to recognize that six persons signed a lease for the property. In his decision and judgment entry, the trial judge stated that he entered the judgment "[a]fter consideration of the evidence and arguments of counsel and with the benefit of post trial memoranda * * *" Therefore, the decision and judgment entry directly refutes appellant's contention that the trial court failed to consider portions of the evidence presented at trial.
In the absence of findings of fact, we must presume regularity in the proceedings below and affirm as long as there is some evidence from which the lower court could have decided the ultimate issue. Pettet v. Pettet (1988), 55 Ohio App.3d 128,129-130. In the absence of a transcript or one of the alternatives provided in App.R. 9, however, it is impossible for this Court to determine whether there is sufficient evidence to decide the ultimate issue. As appellant bears the burden of demonstrating error and no error can be found on the record before this Court, we must overrule appellant's first three assignments of error.
In his fourth assignment of error, appellant contends that the trial court erred in deciding in favor of appellee. Essentially, appellant argues that the decision of the trial court is against the manifest weight of the evidence. An appellate court will not reverse a trial court's judgment so long as it is supported by any competent, credible evidence going to all of the essential elements of the case. Sec. Pacific Natl. Bank v. Roulette (1986),24 Ohio St.3d 17, 20; C.E. Morris Constr. Co. v. Foley Constr.Co. (1978), 54 Ohio St.2d 279, 280. Under this highly deferential standard of review, a reviewing court does not decide whether it would have come to the same conclusion as the trial court. Rather, we are required to uphold the judgment so long as the record, as a whole, contains some evidence from which the trier of fact could have reached its ultimate factual conclusions. We are guided by the presumption that the trial court's factual findings are correct because of the knowledge that the trial judge "is best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony." Seasons Coal Co. v. Cleveland (1984), 10 Ohio St.3d 77,79.
As discussed above, whether the trial court's decision is supported by the evidence can only be determined by a review of the trial transcript. As appellant did not meet his burden to supply a transcript of the trial proceedings, we must rely on the presumptive validity of the judgment of the trial court. Wolfe v.Atkins (Aug. 2, 1983), Scioto App. No. 1381, unreported. Therefore, appellant's fourth assignment of error is overruled.
Appellant's assignments of error are overruled and the judgment of the trial court is affirmed.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Athens County Municipal Court to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
KLINE, P.J. ABELE, J.: Concur in Judgment and Opinion.
For the Court
 BY: ______________________________ William H. Harsha, Judge
 NOTICE TO COUNSEL Pursuant to Local Rule No. 14, this document constitutes afinal judgment entry and the time period for further appealcommences from the date of filing with the clerk.