DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a Highland County Common Pleas Court judgment in favor of Highland County Board of Mental Retardation and Developmental Disabilities and High-Co., Inc., defendants below and appellees herein, following our remand. See Stevens v. Highland CountyBd. of Commrs., Highland App. No. 04CA8, 2004-Ohio-4560.
 {¶ 2} Jesse R. Stevens and Cynthia Stevens, plaintiffs below and appellants herein, raise the following assignment of error:
"The trial court erred in assessing the comparative negligence as per section 2315.19 of the ohio revised code that the defendant's negligence constituted ten percent and plaintiff's comparative negligence constituted ninety percent and dismissed the action with prejudice."
 {¶ 3} On April 8, 1999, at approximately 5:00 p.m., Stevens left his office at the Ohio Bureau of Employment Services (OBES), which is located in a building that the Highland County Board of Commissioners (HCBC) leased to OBES.[1] As Stevens walked in the hallway to exit the building, he slipped and fell on a wet floor that appellees' employees had mopped.
 {¶ 4} Appellants subsequently filed a complaint against HCBC and appellees. On January 2, 2004, the court held a bench trial. The evidence showed that at least three of Stevens' co-workers had left the building immediately before he did and that each one recognized that the floor was wet. In fact, one of the coworkers who left at the same time as Stevens warned that the floors were wet. Stevens, however, claimed that he did not notice that the floor was wet. He maintained that he has poor eyesight. Stevens further stated that he walked slowly and used a cane due to a hip replacement.
 {¶ 5} After hearing the evidence, the trial court entered judgment in HCBC and appellees' favor. The court found that the wet condition of the floor "was open, obvious, and visible to any reasonable person." The court also determined that appellants failed to show that HCBC had actual or constructive notice of the wet condition of the floor. The court further concluded that appellees complied "with any duty that [they] owed [Stevens] regarding its actions relating to the wet mopping of the floor at the location in question." Appellants timely appealed the judgment.
 {¶ 6} On appeal, appellants argued that the trial court's decision was against the manifest weight of the evidence because it erroneously determined that: (1) the open and obvious doctrine barred their claim against HCBC; (2) HCBC is not liable for appellees' negligence; and (3) the open and obvious doctrine barred their claim against appellees. We rejected the first two arguments, but agreed with the third. We concluded that the open and obvious doctrine did not bar appellants' claim against appellees and remanded the matter to the trial court for a comparative negligence analysis.
 {¶ 7} On remand, the court determined that Stevens was ninety percent negligence and that appellees were ten percent negligent. Thus, it found appellants' claim barred under the comparative negligence statute. Appellants timely appealed.
 {¶ 8} In their sole assignment of error, appellants basically contend that the trial court's comparative negligence apportionment is against the manifest weight of the evidence. They argue that the court failed to consider: (1) Stevens' physical limitations, including his prior hip replacement, his use of a cane to walk, his limited sight in one eye, and his lazy eye; and (2) that the employees were required to leave the building at 5:00 p.m. and had no other path to exit the building other than to walk across the wet floor. Appellants assert that the trial court erred by finding that Stevens assumed the risk when he had no alternative but to exit the building and walk across the wet floor.
 {¶ 9} "It is well-settled law that `[j]udgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence.'" Sharp v. Norfolk W. Ry. Co.
(1995), 72 Ohio St.3d 307, 313, 649 N.E.2d 1219 (quoting C.E. Morris Co.v. Foley Constr. Co. (1978), 54 Ohio St.2d 279, 376 N.E.2d 578, syllabus); see, also, Shemo v. Mayfield Hts. (2000), 88 Ohio St.3d 7, 10,722 N.E.2d 1018. When reviewing a claim that a trial court's judgment is against the manifest weight of the evidence, a reviewing court must employ "an extremely deferential standard of review." State ex rel. Pizzav. Strope (1990), 54 Ohio St.3d 41, 45-46, 560 N.E.2d 765 (citing SeasonsCoal Co. v. Cleveland (1984), 10 Ohio St.3d 77, 461 N.E.2d 1273). Thus, even "some" evidence is sufficient to sustain the judgment and prevent a reversal. See Barkley v. Barkley (1997), 119 Ohio App.3d 155, 159,694 N.E.2d 989; Willman v. Cole, Adams App. No. 01CA25, 2002-Ohio-3596, at ¶ 24; Simms v. Heskett (Sep. 18, 2000), Athens App. No. 00CA20.
 {¶ 10} Moreover, the reviewing court must "be guided by a presumption that the findings of the trier-of-fact were indeed correct." SeasonsCoal, 10 Ohio St.3d at 80. In Seasons Coal, the court explained that reviewing courts should presume that the trier of fact's findings are correct because "the [fact finder] is best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony." Id. Thus, the trier of fact is free to believe all, part, or none of the testimony of any witness who appeared before it. See, e.g., Rogers v.Hill (1998), 124 Ohio App.3d 468, 470, 706 N.E.2d 438; Stewart v.B.F. Goodrich Co. (1993), 89 Ohio App.3d 35, 42, 623 N.E.2d 591;Spurlock v. Douglas, Lawrence App. No. 02CA19, 2003-Ohio-19; CHREnterprises Ltd. v. Demint, Hocking App. No. 02CA9, 2002-Ohio-6531.
 {¶ 11} Furthermore, when a party has not requested Civ.R. 52 findings of fact and conclusions of law and when the trial court does not otherwise enter specific factual findings, appellate review is even more limited. See Pettet v. Pettet (1988), 55 Ohio App.3d 128, 130,562 N.E.2d 929.
 {¶ 12} Civ.R. 52 provides:
When questions of fact are tried by the court without a jury, judgment may be general for the prevailing party unless one of the parties in writing requests otherwise before the entry of judgment pursuant to Civ.R. 58, or not later than seven days after the party filing the request has been given notice of the court's announcement of its decision, whichever is later, in which case, the court shall state in writing the conclusions of fact found separately from the conclusions of law.
 {¶ 13} "[T]he purpose of separate conclusions of law and fact is to enable a reviewing court to determine the existence of assigned error in a trial court's judgment * * *." Naso v. Daniels (1964),8 Ohio App.2d 42, 50, 220 N.E.2d 829; see, also, In re Gibson
(1986), 23 Ohio St.3d 170, 172-173, 492 N.E.2d 146; Werden v. Crawford
(1982), 70 Ohio St.2d 122, 124, 435 N.E.2d 424. Civ.R. 52 provides an appellant with a means, after the entry of a judgment, to obtain separate findings of fact and conclusions of law by which an appellate court could test a trial court's judgment. Pawlus v. Bartrug (1996),109 Ohio App.3d 796, 801, 673 N.E.2d 188.
 {¶ 14} If a party does not request Civ.R. 52 factual findings and legal conclusions, then an appellate court will presume the regularity of the trial court proceedings:
"[W]hen separate facts are not requested by counsel and/or supplied by the court the challenger is not entitled to be elevated to a position superior to that he would have enjoyed had he made his request. Thus, if from an examination of the record as a whole in the trial court there is some evidence from which the court could have reached the ultimate conclusions of fact which are consistent with [its] judgment the appellate court is bound to affirm on the weight and sufficiency of the evidence."
Pettet v. Pettet (1988), 55 Ohio App.3d 128, 130, 562 N.E.2d 929. "The presumption of regularity requires us to assume application of proper rules of evidence and procedures in the absence of factfinding demonstrating the contrary." Id. at 129; see, also, Scovanner v. Toelke
(1928), 119 Ohio St. 256, 163 N.E. 493, paragraph four of the syllabus.
 {¶ 15} In the case at bar, appellants did not request Civ.R. 52 findings of fact and conclusions of law. We must, therefore, presume the regularity of the proceedings and that the trial court considered the evidence and appropriately applied the evidence to the applicable law. Without specific factual findings or legal conclusions, our review of appellants' assignment of error is limited.
 {¶ 16} With respect to appellants' argument that the trial court failed to consider Stevens' alleged physical impairments, we must presume that it did. Nothing in the record affirmatively shows that it disregarded the evidence and without specific factual findings, we must presume the regularity of the proceedings, i.e., that the court considered all evidence.
 {¶ 17} We must also presume that the trial court properly considered the parties' comparative negligence and correctly assigned ninety percent fault to Stevens and ten percent to appellees. Although appellants complain that the court did not "elaborate" upon how it arrived at this apportionment, the court had no duty to do so in the absence of a proper Civ.R. 52 request.
 {¶ 18} Regarding appellants' assertion that the trial court could not have found Stevens negligent because he did not voluntarily assume the risk, the record contains no factual finding or legal conclusion that Stevens did, indeed, assume the risk. The trial court generally stated that Stevens was negligent. Therefore, because appellants did not request Civ.R. 52 factual findings and legal conclusions, we must presume the regularity of the proceedings.
 {¶ 19} In sum, absent a request for findings and conclusions, we must presume the regularity of the proceedings in the trial court. See Frenchv. Weldy (Nov. 18, 1994), Ashtabula App. No. 93-A-1792. We must presume that the trial court considered the evidence, used the proper legal standard in evaluating the evidence, and that sufficient evidence exists to support the trial court's judgment. See Leikin Oldsmobile, Inc. v.Spofford Auto Sales, Lake App. No. 2002-L-202, 2002-Ohio-2441.
 {¶ 20} Accordingly, based upon the foregoing reasons, we overrule appellant's sole assignment of error and affirm the trial court's judgment.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed and that appellees recover of appellants costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Highland County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Harsha, J.: Concurs in Judgment Only Kline, J.: Concurs in Judgment 
Opinion
[1] We essentially repeat the facts as stated in our prior opinion.