Cox *v.* Cox.

(Decided May 20, 1929.)

*Mr. Clinton D. Boyd,* for plaintiff in error.
*Mr. John A. Crist,* for defendant in error.

Ross, J. This case comes into this court on error from the court of common pleas of Butler county.

Suit in replevin was filed originally before a justice of the peace by Edna Cox, to secure possession of an automobile, which she claimed was wrongfully detained by her brother-in-law, Robert Cox. A jury was demanded by the defendant, Robert Cox, and verdict and judgment were for the plaintiff who is the plaintiff in error in this court.

The case was appealed to the court of common pleas by the defendant before the justice of the peace, and the case was heard in the court of common pleas by the court without the intervention of a jury.

The court, at the conclusion of the evidence, announced its opinion in favor of the defendant, Robert Cox. A motion for a new trial was filed after such announcement, and the plaintiff in error also presented to the court a number of interrogatories, which the court was requested to answer. Motion for a new trial was overruled, and the court refused to answer the interrogatories. The court entered judgment for the defendant in error, Robert Cox.

The assignments of error are: First, that the court erred in refusing to answer the interrogatories. Second, that the judgment is contrary to law and against the weight of the evidence.

I. The propounding of interrogatories to the court, hearing the case without a jury, is not synonymous

with a request upon the court to make separate findings of fact and conclusions of law, as provided for in Section 11470, General Code.

We have been cited to the cases of *Strauss* v. *Friedman,* 2 Ohio App., 11, and *Cleveland Produce Co.* v. *Dennert,* 104 Ohio St., 149, 135 N. E., 531, as sustaining the proposition that it was error on the part of the court to refuse answers to the interrogatories propounded. Neither of these cases is authority for such a proposition, for in both of them there was a request for separate findings of facts and law.

Neither is the case of *Oxford Township* v. *Columbia,* 38 Ohio St., 87, an authority for the proposition contended for by plaintiff in error, since in the *Oxford Township case,* while interrogatories were propounded to the court, there was also accompanying said interrogatories a request for separate findings of fact and conclusions of law, and the interrogatories were tendered as an assistance to the court in making its findings.

There was no error, therefore, in the court's refusal to answer the interrogatories, in the absence of a request for separate findings of fact and conclusions of law.

II. While the motion for a new trial was filed after the announcement of the court of its finding, and before judgment was entered, there was no motion for a new trial filed after the judgment of the court. The record discloses that at the conclusion of the evidence the court, after stating its reasons, said: "The court finds that the right of possession is in the defendant."

It has been repeatedly held in this state that a motion for a new trial is required in order to review

the weight of the evidence, *Jacob Laub Baking Co.* v. *Middleton,* 118 Ohio St., 106, 119, 160 N. E., 629.

The facts in this case were in dispute, and it is claimed that the court below committed error in its conclusions upon the evidence, so that a motion for a new trial is necessary in order for this court to review the weight of the evidence.

In *Cox* v. *Cox,* 108 Ohio St., 473, 474, 141 N. E., 220, 221, it is held: "It has been definitely decided by this court that a court speaks through its journal and that a judgment is not rendered until it is reduced to a journal entry."

The opinion of the court in the instant case, to which a motion for a new trial was filed, was not the judgment of the court. The motion for a new trial was premature.

There being no motion for a new trial filed after the court had spoken through its journal entry, it is impossible for this court to review the weight of the evidence.

Finding no prejudicial error in the record, the judgment is affirmed.

*Judgment affirmed.*

Cushing, P. J., and Hamilton, J., concur.