PETTET, APPELLANT *v.* PETTET, APPELLEE.

(No. CA-88-3—Decided October 18, 1988.)

*Harry Donovan Lowe,* for appellant.

*Clyde H. Collins,* for appellee.

MILLIGAN, P.J. Appellant failed to comply with Loc. App. R. 4. Nevertheless, in the interests of justice, we consider the case on its merits.

The parties' marriage was dissolved on April 27, 1984, and a separation agreement granting custody to the mother subject to reasonable visitation was approved.

Intertwined with prior motions involving allegations of nonpayment of support and denial of visitation was the father's motion for change of custody of his two sons, Scott and Vance, both in the custody of the mother by election. Following the father's October 2, 1986 motion for an order "permitting petitioner's two older children, both being more than eleven (11) years of age, to elect as to which parent the child desires to have custody; and for an order modifying the former order of this court granting permanent custody of the party's children to the petitioner Thomas C. Pettet," several hearings were held, culminating in a January 11, 1988 judgment.

The court found that "the present environment of Scott and Vance with Jo Anna S. Pettet endangers significantly their mental development."

As to Vance the court found the harm "likely to be caused by a change of environment is outweighed by the advantages of such change and that a change of the custody of Vance to Thomas C. Pettet is in Vance's best interest."

As to Scott, the court found custody "to neither parent is in his best interest," and certified the case to the Juvenile Division of the Morgan County Court of Common Pleas, setting the case for hearing on January 25, 1988.

Neither party filed any request for separate findings of fact and conclusions of law.

The mother appeals, assigning two errors:

### Assignment of Error No. I

"The court erred in deciding that the present environment of Scott and

Vance with Jo Anna S. Pettet endangers significantly their mental development."

Assignment of Error No. II

"The decision and judgment of the court dated January 11, 1988, is contrary to the weight of the evidence."

Notwithstanding the somewhat contorted posture of this case (moving from a motion for an election by children to an order of certification to the juvenile court), the record supports the finding and conclusions of the trial court.

In this case once again we face the procedural spectacle of a trial to the court, the judgment of which is challenged as against the manifest weight of the evidence, where neither party has requested, and the court has not supplied, separate findings of fact and conclusions of law. The lack thereof frustrates the explicit purpose of the provision of the prior statute, and now the Rules of Civil Procedure, Civ. R. 52.

"[T]he purpose of separate conclusions of law and fact is to enable a reviewing court to determine the existence of assigned error in a trial court's judgment * * *." *Naso* v. *Daniels* (1964), 8 Ohio App. 2d 42, 50, 37 O.O. 2d 48, 53, 220 N.E. 2d 829, 834.

"Since a request for findings is 'with a view of excepting to the court's decision upon questions of law,' until a party entitled to findings has them, he cannot determine what assignments of error he may desire to assert, and without such findings the reviewing court cannot consider his assignments of error." *Shunk* v. *Shunk Mfg. Co.* (1949), 86 Ohio App. 467, 42 O.O. 107, 93 N.E. 2d 321, paragraph one of the syllabus.

Thus, we have held:

"Absent specific written findings of fact stated separately from conclusions of law it does not affirmatively appear that the judgment appealed from falls outside the broad discretion given trial courts in these matters. See *Cherry* v. *Cherry* (1981), 66 [Ohio St.] 2d 348." *Eibel* v. *Eibel* (Oct. 31, 1984), Guernsey App. No. CA-749, unreported.

The presumption of regularity requires us to assume application of proper rules of evidence and procedures in the absence of fact-finding demonstrating the contrary. *Cox* v. *Cox* (1929), 34 Ohio App. 192, 170 N.E. 592.

The value (necessity) of findings of fact in weight-of-the-evidence appellate reviews of domestic relations matters is underscored by the repeated admonitions of the Ohio Supreme Court that we are not to substitute our judgment for the discretionary call of a trial judge. It is the fact-finder, trial judge, who is in the unique position to observe the character and demeanor of the parties and witnesses, the candor or lack of candor with which they testify, and the credibility to be attached to the evidence.

"The discretion which a trial court enjoys in custody matters should be accorded the utmost respect, given the nature of the proceeding and the impact the court's determination will have on the lives of the parties concerned. The knowledge a trial court gains through observing the witnesses and the parties in a custody proceeding cannot be conveyed to a reviewing court by a printed record. *Trickey* v. *Trickey* (1952), 158 Ohio St. 9, 13, 47 O.O. 481, 483, 106 N.E. 2d 772, 774. In this regard, the reviewing court in such proceedings should be guided by the presumption that the trial court's findings were indeed correct. See *Seasons Coal Co.* v. *Cleveland* (1984), 10 Ohio St. 3d 77, 80, 10 OBR 408, 410, 461 N.E. 2d 1273, 1276." *Miller* v. *Miller* (1988), 37 Ohio St. 3d 71, 74, 523 N.E. 2d 846, 849.

When facts are separately found by the trial court, the challenger then may focus in upon those that are unsupported by the evidence. The task of the appellate court is sharpened and narrowed.

This is the avowed purpose of the rule. Failure to avail oneself of the rule carries consequences:

"Where a trial court hears and determines a cause without the intervention of a jury and does not make separate findings of fact and conclusions of law, and no request is made therefor, and any evidence is adduced to support the conclusions reached under proper rules of law applicable thereto, a reviewing court will presume that all proper rules of law were applied." *Scovanner* v. *Toelke* (1928), 119 Ohio St. 256, 163 N.E. 493, paragraph four of the syllabus.

We conclude that when separate facts are not requested by counsel and/or supplied by the court the challenger is not entitled to be elevated to a position superior to that he would have enjoyed had he made his request. Thus, if from an examination of the record as a whole in the trial court there is some evidence from which the court could have reached the ultimate conclusions of fact which are consistent with his judgment the appellate court is bound to affirm on the weight and sufficiency of the evidence.

The message should be clear: If a party wishes to challenge the custodial judgment as being against the manifest weight of the evidence he had best secure separate findings of fact and conclusions of law. Otherwise his already "uphill" burden of demonstrating error becomes an almost insurmountable "mountain."

We further agree with appellee that appellate review is limited to the evidence presented in the trial court. To the extent "reports," etc., are not properly introduced in evidence they are not properly before this court. Compare *Beamer* v. *Beamer* (1969), 17 Ohio App. 2d 89, 46 O.O. 2d 118, 244 N.E. 2d 775.

We conclude that the trial court did not err in its finding of ultimate fact and in its judgment. The judgment is not against the manifest weight of the evidence.

The assignments of error are overruled and the judgment of the Morgan County Common Pleas Court is affirmed.

*Judgment affirmed.*

WISE and TURPIN, JJ., concur.