OPINION
Appellant, Russell Wilson, appeals an order of the Butler County Court of Common Pleas, Juvenile Division, granting permanent custody of his child, Taylor Chapman, to appellee, Angela Renee Chapman Samuel, the child's mother. We reverse and remand.
Taylor was born on November 24, 1992. Appellee and appellant were never married to each other. On May 5, 1994, appellee's parents petitioned the court for custody of Taylor. Appellee filed a notice of consent to the custody of Taylor to her parents on the same day. The court awarded temporary legal custody of Taylor to appellee's parents on July 13, 1994. Appellant also sought custody of Taylor and requested that his case be consolidated with appellee's parents' case on September 8, 1994. In the motion for consolidation, appellant requested to be named residential parent of Taylor. The two cases were consolidated and on March 13, 1995 the referee recommended that:
 After an extensive hearing which revealed that all parties and movants have the best interests of Taylor Chapman in mind and are clearly suitable to be custodians of the child, the following recommendation is made: This action is not an "initial custody" action which would allow the Court to apply the "Best Interest" test in determining custody. Rather the test or standard of R.C. 3109.04(E)(1)(a) applies which, in particular, provides for the necessity of a change of circumstances to modify an award of custody. As the evidence presented at the hearing does not demonstrate a change of circumstances as required by the statute, [appellant's] motion for custody and the awarding of residential parent status must be denied at this time.
Appellant objected to the referee's report on March 20, 1995. On June 6, 1995, the trial court remanded the case to the referee, stating that the referee "erroneously found that the father had to show a change of circumstances to prevail as to the maternal grandparents temporary custody order." When deciding the issue of custody between appellant and appellee, the court stated that:
 [T]he test would either be "Change of Circumstances" or "Best Interests" depending upon whether mother was de facto sole custodian of the child since birth or whether the father's involvement in the life of the child and the mother since birth was such to cause the father to be of equal status with the mother as to the issue of custody, [Ballinger v. Bales (July 25, 1994), Butler App. No. CA93-06-109, unreported.] Case remanded to Referee for any hearing as necessary in accordance with the within stated law.
On October 12, 1995, appellee filed a motion to be designated residential parent of Taylor. The magistrate granted temporary custody of Taylor to appellee on April 1, 1996. The magistrate stated in his decision "[c]onsidering testimony, exhibits and CDC report, Angela Renee Samuel is designated residential parent and legal custodian of Taylor Chapman." No comment was made by the magistrate regarding the reasoning of his decision.
Appellant filed an objection to the magistrate's decision with the Butler County Court of Common Pleas. Appellant argued that the magistrate erred by recommending that appellee should be designated residential parent and legal custodian of Taylor. Appellant argued that the decision of the magistrate was against the weight of the evidence. Appellant did not provide a transcript or an affidavit to the trial court. Following a hearing regarding appellant's objections, the trial court adopted the magistrate's decision on June 3, 1996 and overruled appellant's objections.
Appellant now appeals the trial court's decision and raises one assignment of error:
 THE TRIAL COURT ERRED WHEN IT FOUND THAT [APPELLEE] SHOULD BE THE RESIDENTIAL PARENT OF TAYLOR CHAPMAN.
Appellant argues that the trial court erred in not awarding him residential parent status because 1) the evidence showed that it was in the best interest of Taylor to be with appellant; 2) the "best interests test" should have been used by the magistrate; and 3) the magistrate used the "change of circumstances test."
Under former Civ.R. 53, a referee was required to state the essential facts that form the basis of the referee's recommendation to the trial judge. Takacs v. Baldwin (1995),106 Ohio App.3d 196, 208.[1] "Absent such a statement, the court cannot adopt the recommendation because it lacks the necessary information to make the required independent analysis of the case." Takacs, 106 Ohio App.3d at 208, following Nolte v. Nolte (1978), 60 Ohio App.2d 227, 231.
Effective July 1, 1995, Civ.R. 53 was amended. As amended, Civ.R. 53 provides that "[u]nless specifically required by the order of reference, a magistrate is not required to prepare any report other than the magistrate's decision." Civ.R. 53(E). Findings of fact and conclusions of law can be required of a magistrate if 1) a party makes a request, 2) it is required by law or 3) it is required by an order of reference. Civ.R. 53(E)(2). The requirement of magistrate reports was eliminated because "[e]xperience throughout the state demonstrated that often the report making requirement substantially slowed the decision of cases without adding anything of value to the decision-making process." Staff note to July 1, 1995 amendment to Civ.R. 53(E).
Under the amended version of Civ.R. 53(E), it is also unnecessary for a trial court to conduct an independent review of the evidence if the objecting party fails to provide an affidavit or a transcript of the proceedings. Wilson v. Wilson (Sept. 30, 1996), Clermont App. No. CA96-02-014, unreported. The trial court may adopt the magistrate's decision after considering any objections. Civ.R. 53(E)(4)(b). A trial court may also adopt the decision of a magistrate if no written objections are filed "unless it determines that there is an error of law or other defect on the face of the magistrate's decision." Civ.R. 53(E)(4)(a).
A party may object to a magistrate's findings within fourteen days of the magistrate's decision. Civ.R. 53(E)(3)(a). The objection must be "specific and state with particularity the grounds of the objection." Civ.R. 53(E)(3)(b). Any objection to a finding of fact by the magistrate must be "supported by a transcript of all the evidence submitted to the magistrate relevant to that fact or an affidavit of that evidence if a transcript is not available." Civ.R. 53(E)(3)(b). Since a magistrate may be required to only give a decision without findings of fact or conclusions of law, a party may request findings of fact and conclusions of law as outlined under Civ.R. 52. Civ.R. 53(E)(2).
When reviewing a trial court's review of a magistrate's decision, an appellate court can only review the evidence that is presented before the trial court. Pettet v. Pettet (1988), 55 Ohio App.3d 128,130. If, from the examination of the record, there is some evidence from which the trial court could have reached the ultimate conclusion of fact, "the appellate court is bound to affirm on the weight and sufficiency of the evidence." Pettet at 130.
The Ohio Supreme Court has stated that:
 When a party objecting to a referee's report has failed to provide the trial court with the evidence and documents by which the court could make a finding independent of the report, appellate review of the court's findings is limited to whether the trial court abused its discretion in adopting the referee's report, and the appellate court is precluded from considering the transcript of the hearing submitted with the appellate record.
State ex. rel. Duncan v. Chippewa Twp. Trustees (1995), 73 Ohio St.3d 728,730; followed by Credit Acceptance Corp. v. France (Jan. 16, 1997), Cuyahoga App. No. 70960, unreported.
For an individual objecting to a decision of a magistrate which contains no findings of fact or conclusions of law:
 [t]he message should be clear: If a party wishes to challenge the custodial judgment as being against the manifest weight of the evidence he had best secure separate findings of fact and conclusions of law. Otherwise his already "uphill" burden of demonstrating error becomes an almost insurmountable "mountain."
Pettet, 55 Ohio App.3d 128, 130.
In the present case, appellant objected to the magistrate's decision, but did not request findings of fact or conclusions of law. Further, appellant did not provide the trial court with a transcript or an affidavit. The trial court was left to decide the merits of appellant's objection solely upon the text of the decision and order of the magistrate. The magistrate recommended that appellee be designated residential parent and legal custodian of Taylor. Even though the magistrate gave no reasoning for his decision, Civ.R. 53 does not require him to give any reason for his decision unless the parties or the trial court request findings of fact and conclusions of law. Appellant made no such request. An objecting party has a responsibility to request findings of fact and conclusions of law as outlined in Civ.R. 52.
However, a magistrate may be required to make findings of fact and conclusions of law when it is required by an order of reference. Civ.R. 53(E)(2). An order of reference may direct the magistrate to "do or perform particular acts." Civ.R. 53(C)(1)(c)-(ii). In the present case, the trial court in its entry on June 6, 1995, gave an order of reference to the referee to "do or perform particular acts." The trial court held in its order that the referee had erred in his report by not considering what standard would be appropriate in determining the residential parent and legal guardian of Taylor Chapman. The trial court remanded the case to the referee, expressly charging the referee to reconsider his decision "in accordance with the within stated law" of the trial court's order.
There is no indication that any reconsideration occurred because the magistrate gave no indication in his report showing that he had complied with the order of reference. Therefore, it was impossible for the trial court to hold on June 3, 1996, that the magistrate complied with its June 6, 1995 remand because the magistrate produced nothing for the trial court to review.
We therefore hold that the trial court abused it discretion in adopting the magistrate's report because the magistrate did not comply with the trial court's order given on June 6, 1995. We accordingly reverse the decision of the trial court and remand the case to the trial court for further proceedings. Judgment reversed and remanded.
YOUNG, P.J., and POWELL, J., concur.
[1] Former Civ.R. 53(E)(5) stated: "The referee's findings of fact must be sufficient for the court to make an independent analysis of the issues and to apply appropriate rules of law in reaching a judgment order." Under the present version of Civ.R. 53, a "referee" is now called a "magistrate."