OPINION
Appellant, Vera Kassen, appeals a decision by the Clermont County Court of Common Pleas, Juvenile Division, terminating her parental rights to her children, Scottie and Millie Gilpin, and granting Clermont County Department of Human Services ("CCDHS") permanent custody of the children. We affirm.
Scottie and Millie Gilpin are the children of Rick Gilpin and Vera Kassen. Scottie was born on December 26, 1990, and Millie was born on November 24, 1991. On February 19, 1992, a complaint was filed by Adams County Children Services Agency ("ACCSA") claiming that Millie and Scottie Gilpin appeared to be neglected. The complaint stated that the children had inadequate living and sleeping arrangements, and that the parents had refused to cooperate with the case plan formulated by the ACCSA. ACCSA requested that it be granted temporary custody of the children.
The Adams County Court of Common Pleas, Juvenile Division, placed Millie in the temporary custody of ACCSA, and released Scottie to the custody of his parents with ACCSA to provide protective services for the child. Subsequently, the court found the children dependent and placed both children in the temporary custody of their maternal great-aunt and uncle, Ernest and Debbie Michaels in Goshen, Clermont County, Ohio, with protective supervision granted to CCDHS. The Adams County Court also transferred jurisdiction of the case to the Clermont County Court of Common Pleas, Juvenile Division ("trial court"), on February 22, 1993 since the children were now residents of Clermont County.
On April 29, 1993, the trial court found that Scottie Gilpin should be returned to the legal custody of appellant subject to the protective supervision of CCDHS. Millie was to remain in the custody of the Michaels under the protective supervision of CCDHS. However, on September 1, 1993, CCDHS filed a motion to have legal temporary custody of Scottie returned to the Michaels. The court granted the Michaels legal temporary custody of Scottie on March 8, 1994, subject to protective supervision by CCDHS. The court also found that appellant should exercise regular consistent visitation, and participate in an infant stimulation program.
On May 31, 1994, CCDHS filed a motion to drop protective supervision of Scottie and Millie because appellant had moved to Darke County, the children were "in the custody of relatives and doing fine," and the "parents did not comply with agency case plan goals." The court granted the motion on June 3, 1994. On October 25, 1994, appellant filed a motion to amend the case plan and to set visitation for the children. The court thereafter set a visitation schedule that was filed on November 21, 1994.
On February 28, 1995, the court ordered, pursuant to R.C.2151.353, that the children be returned to the legal custody of appellant. Protective supervision was granted to CCDHS because appellant had moved from Darke County to Amelia, Clermont County, Ohio. The court also required appellant to participate in a Nurturing Parent Program, and to take part in three monthly psychotherapy sessions.
On September 27, 1995, CCDHS filed a motion for the court to review the protective supervision order because appellant was "not complying with Case Plan Services." On October 26, 1995, CCDHS filed a motion with the court to give CCDHS temporary custody of the children because the children were in immediate danger. CCDHS stated that when a case worker attempted to visit appellant for an appointment, appellant was not present and they found the children in the care of Becky Woodruff. Woodruff told CCDHS that she did not have custody of her eight children because her children were found to be neglected. CCDHS also found "extreme and consistent lice infestation," and both children had completely shaven heads with scrape marks from the razor.
The court placed the children in the temporary custody of CCDHS on October 26, 1995. A case plan was developed with the goal of reunifying appellant and the children. After working with appellant for more than one year, on November 19, 1996 CCDHS filed a motion for permanent custody. CCDHS claimed that the children could not and should not be placed with either of their parents within a reasonable time. Appellant was also found in contempt of court several times during this period for failing to pay $50 per month in child support.
On March 7, 1997, the magistrate filed a decision granting CCDHS permanent custody of the children. Appellant filed objections to the magistrate's decision on March 18, 1997 and a hearing was held before the trial court on April 24, 1997. The trial court found that the objections were not well-taken, and affirmed the magistrate's decision on May 19, 1997. Appellant appeals this decision and presents two assignments of error.[1]
Assignment of Error No. 1:
 THE TRIAL COURT ABUSED ITS DISCRETION IN GRANTING PERMANENT CUSTODY TO THE CLERMONT COUNTY DEPARTMENT OF HUMAN SERVICES.
Assignment of Error No. 2:
 THE TRIAL COURT ERRED BY FINDING THAT IT WAS IN THE BEST INTEREST OF THE CHILDREN TO PERMANENTLY TERMINATE PARENTAL RIGHTS AND RESPONSIBILITIES AND GRANT PERMANENT CUSTODY TO THE AGENCY.
Appellant argues in her first assignment of error that the evidence does not support the trial court's finding that the children could not be placed with either parent within a reasonable time or should not be placed with either parent. Appellant argues in her second assignment of error that the evidence does not support the trial court's finding that it was in the best interest of the children to grant permanent custody to CCDHS. Because of the interrelated nature of both assignments of error, we will review the assignments together, and address appellant's arguments in the order that they have been presented.
"When reviewing a trial court's review of a magistrate's decision, an appellate court can only review the evidence that is presented before the trial court." In re Chapman (Apr. 21, 1997), Butler App. No. CA96-07-127, unreported, at 7. If, from the examination of the record, there is some evidence from which the trial court could have reached the ultimate conclusion of fact, "the appellate court is bound to affirm on the weight and sufficiency of the evidence." Id., following Pettet v. Pettet (1988), 55 Ohio App.3d 128, 130.
An order permanently removing children from the custody of their parents must be supported by clear and convincing evidence. Santosky v. Kramer (1982), 455 U.S. 745, 769, 102 S.Ct. 1388,1403; In re Robinson (Feb. 9, 1998), Butler App. No. CA97-01-023, unreported, at 3; R.C. 2151.414(B). Clear and convincing evidence is that proof which establishes in the mind of the trier of fact a firm conviction as to the allegations sought to be proved. In re Mary C. (Feb. 13, 1998), Lucas App. No. L-97-1130, unreported, at 12, following Cross v. Ledford (1954), 161 Ohio St. 469. R.C.2151.414(B) states in part:
 The court may grant permanent custody of a child to a movant if the court determines at the hearing held pursuant to division (A) of this section, by clear and convincing evidence, that it is in the best interest of the child to grant permanent custody of the child to the agency that filed the motion for permanent custody and that any of the following apply:
 (1) The child is not abandoned or orphaned and the child cannot be placed with either of the child's parents within a reasonable time or should not be placed with the child's parents.
An appellate court will not reverse a trial court's determination pursuant to R.C. 2151.414(B) if the trial court's judgment is supported by sufficient credible evidence going to all the essential elements of the case. In re Boylan (Jan. 26, 1998), Butler App. No. CA97-04-088, unreported, at 8-9; In re Steinhoff (Dec. 22, 1997), Butler App. No. CA96-12-265, unreported, at 7.
Appellant first argues that the trial court abused its discretion because the evidence does not support the trial court's finding that the children could not be placed with either parent within a reasonable time or should not be placed with either parent. The General Assembly has provided "exacting guidelines" for determining whether a child cannot be placed with either of his parents within a reasonable period of time or should not be placed with such parents. Robinson, Butler App. No. CA97-01-023, at 3. When making the determination, the court shall determine that one or more of the twelve factors outlined in R.C.2151.414(E)(1-12) exist as to each of the child's parents.[2]
R.C. 2151.414(E); In re William S. (1996), 75 Ohio St.3d 95, syllabus; Boylan, Butler App. No. CA97-04-088, at 9.
The court shall enter a finding that the child cannot be placed with either parent within a reasonable time or should not be placed with either parent if:
 Following the placement of the child outside the child's home and notwithstanding reasonable case planning and diligent efforts by the agency to assist the parents to remedy the problems that initially caused the child to be placed outside the home, the parent has failed continuously and repeatedly to substantially remedy the conditions causing the child to be placed outside the child's home. In determining whether the parents have substantially remedied those conditions, the court shall consider parental utilization of medical, psychiatric, psychological, and other social and rehabilitative services and material resources that were made available to the parents for the purpose of changing parental conduct to allow them to resume and maintain parental duties.
R.C. 2151.414(E)(1).
The record shows that the children were removed from appellant's care because the children were neglected and placed in a dangerous environment, i.e., they had become infected with lice and were left with a person who had her eight children previously removed because she was an unsuitable parent. The case plan with the goal of reuniying appellant with the children stated that appellant was required to obtain her own housing and maintain the residence for a reasonable period of time. Jamie Schneider, appellant's case worker, testified that appellant was also required to obtain a job, maintain it for a reasonable amount of time, and consistently visit the children.
The magistrate found that appellant had made many efforts to obtain employment and suitable housing, but had not demonstrated any long-term stability:
 Since the children were placed in foster care the mother has lived in many places with numerous people. She has had many jobs for short periods of time separated by gaps. She did not adequately maintain appropriate housing and employment as required by the case plan. * * * Her visitations with the children were fairly regular but were plagued by problems created by her inattentiveness and inappropriate comments to the children. The interaction level was minimal. She is delinquent on her support obligation.
After reviewing the record, we find competent credible evidence supporting these findings by the magistrate. We also find that, pursuant to R.C. 2151.414(E)(1), clear and convincing evidence supports the finding that appellant failed to follow the case plan, and did not "substantially remedy the conditions causing the [children] to be placed outside the home." Accordingly, we find that the magistrate did not err in his determination that the children could not be placed with appellant within a reasonable period of time or should not be placed with appellant. The trial court did not abuse its discretion in affirming the magistrate's decision. Appellant's first assignment of error is overruled.
Appellant next argues that the evidence does not support the trial court's finding that it was in the best interest of the children to have permanent custody granted to CCDHS. In determining the best interest of a child, the court shall consider all relevant factors, including, but not limited to, the factors listed in R.C. 2151.414(D)(1-4). R.C. 2151.414(D); In re Smallwood (Jan. 26, 1998), Butler App. No. CA97-02-041, unreported, at 6-7. The four factors of R.C. 2151.414(D) are:
 (1) The interaction and interrelationship of the child with the child's parents, siblings, relatives, foster parents and out-of-home providers, and any other person who may significantly affect the child;
 (2) The wishes of the child, as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child;
(3) The custodial history of the child;
 (4) The child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency.
The magistrate stated that in determining whether it was in the best interest of the children to have permanent custody granted to CCDHS, he considered "all relevant factors, including those listed in the statute." The magistrate also stated that the "children need a legally secure placement. They need a family-like setting, continuity and people to whom they can bond." The magistrate further found that "an adoptive placement of the children would benefit them and provide them with the legally secure placement they need."
Jamie Schneider, appellant's case worker, testified that the interaction between the children and appellant was minimal. Schneider stated that out of a total of seventy scheduled visits between appellant and her children, appellant did not show up twelve times, canceled four visits, and arrived late or left the visit early nine times. Schneider also testified that:
 On several occasions it appears to be [appellant] is sleeping during the visit. She has laid on her stomach on the floor, the children will be calling out, "Mommy, Mommy," and she's not responding.
After reviewing the complete record, we find that competent, credible evidence was presented supporting the magistrate's findings. The evidence shows that appellant was not able to provide a legally secure permanent placement for her children. Although appellant argues that she could have provided suitable housing at the time of the magistrate's decision, appellant's history of not supporting the children and her inability to maintain a residence for a reasonable period of time supports the magistrate's findings. The custodial history of the children also shows that the children have not had the opportunity to remain with any one person for an extended period of time.
We find pursuant to R.C. 2151.414(D) that clear and convincing evidence supports the magistrate's conclusion that it was in the best interest of the children to have CCDHS awarded permanent custody. The trial court did not err in affirming the magistrate's decision. Accordingly, appellant's second assignment of error is overruled.
Judgment affirmed.
KOEHLER and POWELL, JJ., concur.
[1] Rick Gilpin, the children's father, did not appeal the magistrate's decision to terminate his parental rights.
[2] We note that appellant argues in her brief that there was insufficient evidence to support one of the eight factors found in R.C. 2151.414(E). R.C. 2151.414 was amended in 1996, and the Legislature has expanded the eight factors to twelve factors. Since the new version of R.C. 2151.414 became effective prior to filing of the motion for permanent custody in the present case, appellant's reliance on the eight statutory factors contained in the former version of R.C. 2151.414(E) is misplaced. See In re Galyon (Sept. 29, 1997), Butler App. No. CA97-01-008, unreported, at 4, fn. 1.