OPINION
Appellant Debra D. Ruby appeals a judgment of the Coshocton County Common Pleas Court divorcing the parties, and naming each party residential parent of one of the minor children:
 ASSIGNMENTS OF ERROR
FIRST ASSIGNMENT OF ERROR:
 THE TRIAL COURT IN VIOLATION OF THE IMPLIED PROHIBITION OF O.R.C. 3109.04 (B) (1) (a) (b) AND (c), ABUSED ITS DISCRETION BY PERMITTING BOTH MINOR CHILDREN TO TESTIFY AT THE TEMPORARY RESIDENTIAL HEARING AND THE MINOR DAUGHTER TO TESTIFY AT THE DIVORCE TRIAL.
SECOND ASSIGNMENT OF ERROR:
 THE TRIAL COURT ABUSED ITS DISCRETION BY ORDERING SPLIT RESIDENTIAL PARENTING OF THE MINOR CHILDREN WITHOUT PUTTING FORTH ANY STATUTORY RELEVANT FACTORS, OR ANY OTHER RELEVANT FACTORS, OF O.R.C. 3109.04(F)(1) TO SUPPORT THE "BEST INTEREST" TEST OF THE CHILDREN. THE COURT'S STATEMENT STANDING ALONE THAT SPLIT PARENTING OF THE MINOR CHILDREN "BEING IN THE BEST INTEREST OF SAID MINOR CHILDREN" IS INSUFFICIENT.
THIRD ASSIGNMENT OF ERROR:
 THE TRIAL COURT ERRED IN THAT THE MANIFEST WEIGHT OF THE EVIDENCE DOES NOT SUPPORT AN AWARD OF SPLIT RESIDENTIAL PARENTING OF THE TWO CHILDREN.
FOURTH ASSIGNMENT OF ERROR:
 THE TRIAL COURT ERRED IN GRANTING THE FATHER/APPELLEE THE FEDERAL INCOME TAX EXEMPTION WITHOUT MAKING A DETERMINATION OF THE NET SAVING TO THE PARTIES.
The parties were married on December 7, 1985, at the time of the marriage, appellant had a minor daughter, Kendra, whom appellee Darren Ruby later adopted. The parties had a son, Tarren, born in 1986. On July 8, 1997, appellee informed appellant that he no longer wanted to be married to her. Three days later, appellee filed a complaint for divorce, seeking residential parenting of the son. Appellant filed a complaint several hours later, also seeking a divorce, and requesting residential parenting of both children. At the temporary parenting hearing, the magistrate named appellee the temporary residential parent of the son, and appellant the temporary residential parent of the daughter. The case proceeded to a final divorce hearing. The magistrate issued a decision recommending that the daughter remain with appellant, and the son with appellee. The court divided marital property and debts. The court further awarded each party the income tax exemption for the child in his or her custody. Objections to the magistrate's decision were filed by appellant. After considering the objections to the magistrate's report, the court amended the decision only as to the grounds for divorce.
 I
Appellant argues that the court erred by permitting both children to testify at the temporary residential hearing. Temporary orders are merged into the final decree of divorce, and cannot now be claimed as error. See Fitch v. Fitch (August 22, 1994), Licking App. No. 94-CA-20, unreported. Appellant also argues that the court erred in allowing the minor daughter to testify at the final divorce trial. However, appellant called Kendra to testify and has therefore waived any error. Tr. 205. The first assignment of error is overruled.
 II
Appellant argues that the court abused its discretion by ordering split residential parenting without setting forth the relevant statutory factors pursuant to R.C. 3109.04.(F)(1). Appellant argues that the court's statement that split parenting is in the best interests of the children is insufficient to support the judgment. While appellant now claims that the court's judgment was too general, appellant failed to file a timely request for findings of fact and conclusions of law pursuant to Civ.R. 52. Appellant has waived any error by failing to request findings of fact, which would have revealed the specific reasons underlying the court's finding of best interests. The second assignment of error is overruled.
 III
Appellant argues that the judgment ordering a split of residential parenting of the two children is against the manifest weight of the evidence. As noted above, appellant failed to request findings of fact and conclusions of law. When findings of fact are not requested, and a party challenges the judgment on the basis of manifest weight of the evidence, we must affirm if there is some evidence in the record to support the judgment. Pettet v. Pettet (1988), 55 Ohio App.3d 128. The evidence at trial reflected that appellee and his son were involved in baseball, scouting, coin collecting, hunting, and fishing together. There was evidence that the son would be attending the same school while living with appellee as he did when the parties were married. The record does not demonstrate the court abused its discretion in awarding appellee custody of the minor son. The third assignment of error is overruled. IV Appellant argues that the court erred in awarding the tax exemption for the minor son to appellee. The record does not reflect that appellant ever requested that exemption. Further, appellant did not raise this issue in her objections to the magistrate's decision. Therefore, this issue cannot be raised for the first time on appeal. Civ.R. 53(B)(3)(b).
The fourth assignment of error is overruled. The judgment of the Coshocton County Common Pleas Court is affirmed.
By Gwin, P.J., Hoffman, J., and Farmer, J., concur