OPINION
Plaintiff-appellant, Michael Carter, appeals a decision of the Butler County Court of Common Pleas, Juvenile Division, designating Ketha Cheesman as primary residential parent of their daughter, Mary Louella Carter ("Ellie"). We affirm the decision of the trial court.
The initial history of this case was set forth in our decision in In re: Mary Louella Carter (July 20, 1998), Butler App. No. CA98-01-016, unreported. To summarize, Ellie was born on January 26, 1992, the only child of the marriage of Michael and Ketha. After the dissolution of their marriage, Michael received residential custody of Ellie. Subsequently, Michael married Tammy Carter and Ketha married Archie Cheesman. On June 17, 1997, Butler County Children Services Board ("BCCSB") filed a complaint alleging abuse and dependency of Ellie as a result of physical abuse by Michael's wife, Tammy. At an ex parte hearing on the matter, Ketha received temporary custody of Ellie. On July 22, 1997, the court found that Ellie was an abused and dependent child.
On September 11, 1997, Michael filed a motion to regain custody of Ellie. On October 31, 1997, Ketha filed a motion for legal custody of Ellie. On January 6, 1998, following the November 25, 1997 hearing, the trial court granted legal custody of Ellie to Ketha and granted visitation privileges to Michael. The trial court addressed the best interest of Ellie without first finding a change of circumstances. On appeal, we declined to review the case based only on the best interest and reversed and remanded the case back to the trial court to make the necessary finding of change of circumstances pursuant to R.C. 3109.04(E)(1)(a). Id.
On remand, the trial court held a hearing on December 15, 1998, to allow both parties to present additional testimony. At the hearing, Michael testified that he has divorced Tammy and that he would like to spend more time with Ellie. Michael further testified that he has a son by Tammy and that he is able to pay child support for his son and Ellie, although there is an arrearage in Ellie's child support.
Ketha testified that Ellie has been doing above average work in school. Although Ellie had a moderate attendance problem at school last year, Ketha testified that Ellie has been tardy only once this year due to a dentist appointment and has received several citizenship awards. Ketha further testified that she allows Michael to have additional visitation with Ellie.
The guardian ad litem, Karen Horan, testified that Ellie has integrated into Ketha's home and that Ellie has been very happy living with Ketha. Horan further testified that removing Ellie from Ketha's home would cause Ellie some trauma.
In its February 4, 1999 Judgment Entry, the Butler County Court of Common Pleas, Juvenile Division, designated Ketha as the primary residential parent of Ellie and expanded Michael's shared parenting time.
Michael appeals this decision raising a single assignment of error:
 THE TRIAL COURT ABUSED ITS DISCRETION BY AWARDING CUSTODY TO APPELLEE.
In his assignment of error, Michael contends that the trial court abused its discretion by finding a change of circumstances, and that even if there was a change of circumstances, the other requirements of R.C. 3109.04(E)(1)(a) have not been satisfied.
A trial court is given wide latitude in determining the modification of a child custody order because the "trial judge has the best opportunity to view the demeanor, attitude, and credibility of each witness, something that does not translate well on the written page." Fisher v. Campbell (June 23, 1997), Butler App. No. CA96-11-248, unreported, at 7-8, following Davisv. Flickinger (1997), 77 Ohio St.3d 415, 418. When a trial court is confronted with a motion to modify custody, it shall first make a finding as to whether a change in circumstances has occurred.Davis at 416. R.C. 3109.04(E)(1)(a) states:
 [t]he court shall not modify a prior decree allocating parental rights and responsibilities for the care of children unless it finds, based on facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, that a change has occurred in the circumstances of the child, his residential parent, or either of the parents subject to a shared parenting decree.
In determining whether a change in circumstances has occurred so as to warrant a change in custody, a reviewing court shall not disturb a trial court's order to change custody absent an abuse of discretion. Davis at paragraph one of the syllabus; Deimling v.Messer (Mar. 16, 1998), Clermont App. No. CA97-07-070, unreported, at 6. Abuse of discretion denotes that the trial court's decision was arbitrary, unreasonable, or unconscionable. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219. The standard for abuse of discretion is that the award of custody is not supported by a substantial amount of credible and competent evidence. Davis at 418, following Bechtol v. Bechtol (1990), 49 Ohio St.3d 21, at syllabus.
It is even more crucial in a child custody case for a reviewing court not to reverse a decision simply because it holds a different opinion concerning the credibility of the witnesses and evidence submitted before the court. Davis at 419. The appellate court must keep in mind that the trial court is better equipped to examine and weigh the evidence and to make decisions concerning custody. Miller v. Miller (1988), 37 Ohio St.3d 71, 74.
Although R.C. 3109.04 does not define "change of circumstances," the courts have defined it as an event, occurrence, or situation, which has a material and adverse effect on the child. Davis, 77 Ohio St.3d at 417 citing Wyss v. Wyss
(1982), 3 Ohio App.3d 412, 416. In order to demonstrate a change in circumstances, the movant need not show that the change is detrimental or even substantial. Id. at 418. The "change must be of substance, not a slight or inconsequential change." Id.
Michael first argues that the trial court abused its discretion by not relying on its previous finding that there was not a change of circumstances. Michael implies that the court found that there was no change of circumstances when it stated that "[i]f I was going on the change of circumstances it's a toss up from what I'm hearing, which means that there wouldn't be a change of circumstances really." On Michael's previous appeal, we reviewed this statement and found that the court failed to address the issue of change of circumstances and remanded the case to the trial court to address the necessary finding of change of circumstances pursuant to R.C. 3109.04(E)(1)(a).[1] In re:Mary Louella Carter (July 20, 1998), Butler App. No. CA98-01-016, unreported, at 4.
On remand, the trial court clarified its statement and confirmed that it had failed to address the issue of change of circumstances.[2] The court then found that a change of circumstances occurred when BCCSB removed Ellie from Michael's home to protect her from physical abuse by her stepmother. As such, we find that a change of circumstances has occurred within the meaning of R.C. 3109.04(E)(1)(a) to warrant a change in custody. Accordingly, the trial court did not abuse its discretion in finding a change of circumstances.
After the court finds a change of circumstances, R.C.3109.04(E)(1)(a) further requires that:
 the court must find that the modification is necessary to serve the best interest of the child. In applying the change of circumstances and the best interest standards, the court shall retain the residential parent designated by the prior decree or prior shared parenting decree, unless a modification is in the best interest of the child and one of the following applies:
 (i) The residential parent agrees to a change in the residential parent or both parents under a shared parenting decree agree to a change in the designation of residential parent;
 (ii) The child, with the consent of the residential parent or of both parents under a shared parenting decree, has been integrated into the family of the person seeking to become the residential parent.
 (iii) The harm likely to be caused by a change of environment is outweighed by the advantages of the change of environment to the child.
Michael next argues that the trial court abused its discretion by finding that the modification of the decree was necessary to serve the best interest of Ellie and that none of the factors of R.C. 3109.04(E)(1)(a)(i)-(iii) have been satisfied. Ketha contends that Michael assumes that the trial court only considered one factor absent his failure to request findings of fact and conclusion of law.
We first note that a judgment entry may be general unless a party makes a specific request for separate findings of fact and conclusions of law. Civ.R. 52.[3] The record reveals that neither Michael nor Ketha made such a request. Civ.R. 52 applies to change of custody proceedings, which involve questions of fact tried and determined, by the court without a jury. See State exrel. Papp v. James (1994), 69 Ohio St.3d 373; Werden v. Crawford
(1982), 70 Ohio St.2d 122, at the syllabus. Our review is circumscribed in the absence of findings of fact. Pettet v.Pettet (1988), 55 Ohio App.3d 128, 129-30. A party that fails to request findings of fact pursuant to Civ.R. 52 faces "an almost insurmountable `mountain' in carrying the burden of establishing that a judgment is against the manifest weight of the evidence in a custody case." Id. at 130. As such, we must presume regularity in the proceedings below and affirm as long as there is some evidence from which the court could have reached the ultimate issue. Id. See, also, Scovanner v. Toelke (1928), 119 Ohio St. 256, paragraph four of the syllabus; In re Taylor (Apr. 21, 1997), Butler App. No. CA96-07-127, unreported; Meyer v. Anderson (Apr. 18, 1997), Miami App. No. 96CA32, unreported.
Michael argues that the modification of the decree to serve Ellie's best interest was based solely on the fact that he is a single parent while Ketha has a husband and other children. When determining what is the child's best interest in a modification of a child custody order, the court shall consider, but is not limited to, the factors listed in R.C. 3109.04(F)(1)(a)-(j). Our review of the record reveals that the trial court considered many of these factors, including: (F)(1)(a) the wishes of the child's parents regarding care; (F)(1)(b) Ellie's wishes; (F)(1)(c) Ellie's interaction with her parents and siblings; (F)(1)(d) Ellie's adjustment to her home, school and community; (F)(1)(e) the mental and physical health of all persons involved in the situation; (F)(1)(f) the parent more likely to honor visitation; and (F)(1)(g) Michael's failure to timely make all child support payments, including all arrearages. The trial court's decision that Ellie's best interest is with her mother is supported by testimony of the witnesses at the hearings. The credibility of these witnesses was an issue for the trial court as the trier of fact, and we must defer to its conclusions. See State v. DeHass
(1967), 10 Ohio St.2d 230. Therefore, we conclude the trial court did not abuse its discretion when it found that Ellie's best interest was with Ketha.
Finally, Michael argues that his status as a single parent is insufficient for the court to find that there are any advantages to the change of environment, i.e., Ketha has a husband and other children, pursuant to R.C. 3109.04(E)(1)(a)(iii). Michael's argument goes to the manifest weight of the evidence on the issue of Ellie's best interest.
As previously discussed, we found that the court considered other factors in deciding Ellie's best interest. Although the trial court did not expressly state its finding that it applied R.C. 3109.04(E)(1)(a)(iii), absent findings of facts and conclusions of law we are compelled to affirm as long as there is some evidence from which the court could have reached the ultimate conclusions of fact. See Pettet, 55 Ohio App.3d at 130. The record reveals that Horan testified that removing Ellie from Ketha's home would cause her some trauma. Ellie has integrated into Ketha's home and has been doing very well in school. When balancing all the relevant factors needed to determine whether it was in Ellie's best interest to modify custody, we conclude that the record supports that the court properly applied R.C.3109.04(E).
Based upon our review of the record, we cannot find that the trial court abused its discretion in designating Ketha as the primary residential parent. Therefore, the assignment of error is overruled.
Judgment affirmed.
WALSH and VALEN, JJ., concur.
[1] Michael relies on only a portion of a statement made by the Court. The complete statement is: If I was going on the change of circumstances it's a toss up from what I'm hearing, which means that there wouldn't be a change of circumstances really with the father in which I think is what the INAUDIBLE. If it's the best interest, which it is, I'd probably tend to favor a little bit towards the mother. * * * We're in the best interest here, and I'm torn on it, but the best interest at this point I think is with the mother.
[2] At the December 15, 1998 hearing, the trial court stated that "there wouldn't be a change of circumstances really with the father. And which I think is what the BLANK." And I'm not quite sure what I was saying at that point but I know my feeling at the time. Abuse neglect, dependency cases once you get into disposition it's best interest. And that's what I was thinking so I kind of blew off the issue of change of circumstances * * * you can certainly argue that there was a change of circumstances. The problem [was] with the stepmother. And it required removal of the child at that time for the child's well-being. INAUDIBLE the stepmother left the situation so, it was no longer an issue. But I was looking directly at the father's home environment. There is certainly a change of circumstances.
[3] Civ.R. 52 states: "Findings by the Court. When questions of fact are tried by the court without a jury, judgment may be general for the prevailing party unless one of the parties in writing requests otherwise before the entry of judgment pursuant to Civ.R. 58, or not later than seven days after the party filing the request has been given notice of the court's announcement of its decision, whichever is later, in which case, the court shall state in writing the conclusions of fact found separately from the conclusions of law."