OPINION
Plaintiff Elizabeth A. Getz FKA Elizabeth A. Neininger, appeals a judgment of the Court of Common Pleas of Tuscarawas County, Ohio, which modified the visitation schedule her ex-husband, defendant Michael E. Neininger has with the parties' minor child. Appellant assigns a single error to the trial court:
ASSIGNMENT OF ERROR
 THE TRIAL COURT ABUSED ITS DISCRETION IN MODIFYING THE VISITATION SCHEDULE AS HAD PREVIOUSLY EXISTED (A) DUE TO NON-COMPLIANCE WITH R.C. 3109.51 (D)(1-15) AND (B) DUE TO AN ABUSE OF DISCRETION.
The record indicates the parties were divorced in 1996. The trial court incorporated their separation agreement into the decree. Pursuant to the agreement, appellant became the residential parent of the minor child, who at the time was about two years old. Pursuant to the agreement, appellee visited with the minor child on alternate weekends and the holidays set forth by the court's standard visitation schedule. In addition, the paternal grandmother furnished day care for the child every Friday. Because appellee worked nights, he picked the child up after he got off work, and took him to the paternal grandmother's home. Appellee slept there, and then was able to visit with the minor child until 6:00 p.m. every Friday. The child is now of school age, and the paternal grandmother does not provide day-care. Appellee filed a motion to modify visitation so he could spend more time with the child as he had before the child started school. The magistrate to whom the matter was referred made findings of fact and conclusions of law. The magistrate found the parties have not been able to effectively communicate regarding matters which are in the best interest of their son, a finding which is amply supported by the record. It appears some of the difficulty in resolving the visitation issues revolve around the parties' concern about what happens during visitation, and after visitation. Specifically, it appears the parties cannot agree on the child's nutritional needs. Appellant testified the child's physician believes the child is overweight, and appellant has attempted to help the child eat properly. Appellee is unconcerned about the child's weight, and is concerned about appellant's behavior in regard to it. The parties agree the child sometimes throws up after visitation. Appellant believes this is because the child does not eat correctly during visitation, while appellee believes it is because of the child's anxiety over food issues when he returns from visitation. The magistrate recommended the parties attempt to communicate and cooperate more with one another regarding the child's best interest regarding his food intake and the types of food the child is given to eat. The magistrate also made recommendations regarding the visitation order. Appellee objected to the magistrate's decision, and the trial court sustained the objections. The trial court adopted the magistrate's findings of fact and conclusions of law to the extent they were consistent with the trial court's orders, and rejected them to the extent they were inconsistent with the orders of the court. Appellant moved the court to clarify and/or reconsider its order, but only in regards to the visitation order, and not the findings of fact and conclusions of law. Appellant is now critical of the court's abbreviated findings of fact and conclusions of law, but she did not ask the court to enlarge upon them. If a party fails to request findings of fact, this court can only review the record to determine if the court's decision is supported by some evidence, Pettit v. Pettit (1980), 55 Ohio App.3d 128. This court is confined now to the findings of fact and conclusions of law contained in the trial court's entry. Appellant urges the trial court has imposed what she refers to as a de facto shared parenting plan, and challenges the extensive summer visitation as detrimental to the child's diet. The Supreme Court has fashioned an abuse of discretion standard to be applied when reviewing the propriety of the trial court's determination in a domestic relations case, see Booth v. Booth (1989), 44 Ohio St.3d 142. The Supreme Court specifically made the abuse of discretion standard applicable to custody proceedings in Miller v. Miller (1988),37 Ohio St.3d 71. The Supreme Court has frequently defined the term abuse of discretion as implying". . . the court's attitude is unreasonable, arbitrary or unconscionable. . . ." See, e.g. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217 at 219. We have reviewed the record, and we find it contains nothing demonstrating abuse of discretion. Appellant's concerns regarding the ended visitation are speculative, since the magistrate directed appellee to be more aware of the child's dietary needs. This matter is most appropriately referred to the continuing jurisdiction of the trial court if future difficulties arise. The assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas of Tuscarawas County, Ohio, is affirmed.
Gwin, P.J., Wise, J., and Edwards, J. concur