[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
The divorce decree for defendant-appellant, Lawrence C. Kelly, and plaintiff-appellee, Susan Doyle Kluckman, contained a shared-parenting agreement. Kelly now appeals the trial court's judgment modifying that plan. In his sole assignment of error, he contends that the trial court's order, which required the parties' daughter, Laura, to spend fifty percent of her time with Kluckman, was against the manifest weight of the evidence. He argues that the modification was not in the child's best interest when the evidence showed that thirteen-year-old Laura had a serious conflict with her mother, that she wished to spend most of her time with her father and that two independent psychologists had recommended against forcing the child to spend more time with her mother. This assignment of error is not well taken.
The trial court has broad discretion in custody proceedings, and a reviewing court will not reverse the trial court's judgment absent an abuse of discretion. Davis v. Flickinger (1997), 77 Ohio St.3d 415, 418,674 N.E.2d 1159, 1162; Rahe v. Rahe (Sept. 15, 2000), Hamilton App. No. C-990719, unreported. An abuse of discretion connotes more than an error of law or judgment. It implies that the court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140, 1142; Zinnecker v.Zinnecker (1999), 133 Ohio App.3d 378, 383, 728 N.E.2d 38, 41. Further, when an award of custody is supported by a substantial amount of competent, credible evidence, a reviewing court will not reverse it as being against the manifest weight of the evidence. Davis, supra, at 418,674 N.E.2d at 1162; Rahe, supra.
Pursuant to R.C. 3109.04(E)(1), a trial court may modify a decree allocating parental rights and responsibilities if it finds, among other things, that the modification is in the child's best interest. Davis,supra, at 417, 674 N.E.2d at 1161; Zinnecker, supra, at 383,728 N.E.2d at 41. To determine the child's best interests, the trial court must consider all of the relevant factors, including those set forth in R.C.3109.04(F). Rahe, supra; In re Hughes (June 23, 2000), Hamilton App. No. C-990346, unreported.
Neither of the parties requested findings of fact and conclusions of law. Therefore, if, from an examination of the record as a whole, some evidence exists from which the trial court could have reached the ultimate conclusions of fact that are consistent with the judgment, an appellate court must affirm on the weight of the evidence. Pette v. Pette
(1988), 55 Ohio App.3d 128, 130, 562 N.E.2d 929, 931-932; Rahe, supra.
The record shows that the experts agreed that Kluckman was a fit parent, that a relationship with her mother would benefit the child, and that the parties should make a concerted effort to rebuild the relationship between the child and her mother. The record also contains evidence that Kelly was a controlling individual and that he was undermining Laura's relationship with her mother. The psychologist who conducted therapy with Laura and Kluckman testified that Laura should have more contact with her mother. Thus, there was competent, credible evidence supporting the conclusion that the child should spend more time with her mother to repair their relationship. Kelly contends that the psychologist's testimony was not credible, but credibility is a matter for the trial court to decide, particularly in delicate custody matters.Davis, supra, at 418-419, 674 N.E.2d at 1162-1163; Rahe, supra.
We acknowledge that the procedure used in this case was unusual, but the parties agreed to it, and it was useful to expedite matters given the animosity between them. Because the trial court's judgment was supported by competent, credible evidence, this court will not reverse it. Accordingly, we overrule Kelly's assignment of error and affirm the trial court's judgment.
Further, a certified copy of this Judgment Entry shall be the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Hildebrandt and Painter, JJ.