OPINION
{¶ 1} Appellant, Steve Scanlan, appeals from the August 30, 2007 judgment entry of the Willoughby Municipal Court, overruling his objections to the magistrate's decision.
 {¶ 2} On May 15, 2007, appellant filed a small claim complaint against appellee, Mike MacGillis, Sr., d.b.a. M.D.M. Painting Concepts. The complaint alleged breach of contract based on substandard work and poor workmanship. Appellant prayed for *Page 2 
judgment against appellee in the amount of $3,000 plus interest from May 20, 2004, at the rate of eight percent and court costs.
 {¶ 3} A hearing was held before the magistrate on July 2, 2007. At that hearing, appellant was present and represented himself pro se. Appellee was also present and was represented by counsel.
 {¶ 4} According to appellant, he visited a job site in order to check on the quality of appellee's work. In May 2004, he hired appellee to do a complete interior painting of the first floor of his home. Appellee and his crew began the job on May 17, 2004. Appellant indicated that the paint appellee used as well as the application was different than that originally agreed upon. Appellee finished the work on May 20, 2004. Appellant later noticed some minor problems with the work, and ultimately sent appellee letters so that the problems could be cured. In December 2004, appellant hired a business to perform a videotape of the problems.
 {¶ 5} On cross-examination, appellant stated that he previously sued at least two other painting companies due to his unhappiness with the quality of the work performed with respect to past projects. He said that he was present at his house the majority of the time that the work was performed with regard to the instant matter. Appellant paid appellee at the conclusion of the job and had given appellee a score of nine on a scale of ten for the quality of the work performed on the final invoice. Appellant alleged, however, that he was presented with the invoice in an upside down manner and that he meant to give a score of six.
 {¶ 6} Bill Koreen ("Koreen") testified for appellee that he was a member of the work crew who painted the interior of appellant's residence. According to Koreen, they *Page 3 
performed a meticulous job and covered everything. He stated that appellee was well-known for paying a great deal of attention to being neat on the job site. Koreen indicated that appellant was present in his home ninety percent of the time during the performance of the work. He did not recall appellee handing appellant a form in an upside down fashion, and stated that when appellant gave his score of nine, he said that "`nobody's perfect.'"
 {¶ 7} Appellee testified that neatness is of the utmost concern of any painting job and that drop cloths are always used. He was absolutely certain that the damage depicted in the videotape made seven months after the job was completed was not caused by appellee.
 {¶ 8} Pursuant to his July 6, 2007 decision, the magistrate awarded $650 to appellant, plus interest at the rate of eight percent per annum from date of judgment and costs. The trial court adopted the magistrate's decision that same date. Appellant filed objections to the magistrate's decision on July 20, 2007.
 {¶ 9} Pursuant to its August 30, 2007 judgment entry, the trial court overruled appellant's objections, thereby affirming the prior judgment as rendered by the magistrate and ordering it into execution. The trial court expressly noted that the magistrate's decision awarding $650 to appellant was a general finding which did not set forth specific findings of fact and conclusions of law as permitted under Civ.R. 53(D)(3)(a)(ii). It is from that judgment that appellant filed a timely notice of appeal, asserting one assignment of error for our review:
 {¶ 10} "The trial court erred and abused its discretion by overruling [appellant's] objections to the magistrate's decision and adhering to the judgment of July 6, 2007[.]" *Page 4 
 {¶ 11} In his sole assignment of error, appellant argues that the trial court abused its discretion by overruling his objections to the magistrate's decision. He contends that the magistrate's decision was against the manifest weight of the evidence.
 {¶ 12} An appellate court's standard of review of a trial court's decision under Civ.R. 53 is limited to a determination of whether the trial court abused its discretion in adopting the magistrate's recommendations. In re Gibbs (Mar. 13, 1998), 11th Dist. No. 97-L-067, 1998 Ohio App. LEXIS 997, at 12. An abuse of discretion is more than an error of judgment; it means that the trial court was unreasonable, arbitrary, or unconscionable in its ruling. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219. Regarding this standard, we recall the term "abuse of discretion" is one of art, essentially connoting judgment exercised by a court which neither comports with reason, nor the record.State v. Ferranto (1925), 112 Ohio St. 667, 676-678.
 {¶ 13} "`(A) magistrate's decision may be general unless findings of fact and conclusions of law are timely requested by a party or otherwise required by law.' Civ.R. 53(D)(3)(a)(ii)." Condron v. Willoughby, 11th Dist. No. 2007-L-015, 2007-Ohio-5208, at ¶ 24. "Even in the context of small claims hearings, Civ.R. 53 must be strictly followed." Beres v.G.S. Building Co., Inc., 11th Dist. No. 2007-L-061, 2007-Ohio-6564, at ¶ 20.
 {¶ 14} "`Where a trial court hears and determines a cause without the intervention of a jury and does not make separate findings of fact and conclusions of law, and no request is made therefor (sic), and any evidence is adduced to support the conclusions reached under proper rules of law applicable thereto, a reviewing court will presume that all proper rules of law were applied.'" Leikin Oldsmobile, Inc. v. SpoffordAuto Sales, 11th Dist. No. 2000-L-202, 2002-Ohio-2441, at ¶ 15, quotingFrench v. Weldy *Page 5 
(Nov. 18, 1994), 11th Dist. No. 93-A-1792, 1994 Ohio App. LEXIS 5162, at 5-6, quoting Scovanner v. Toelke (1928), 119 Ohio St. 256, paragraph four of the syllabus; see, also, Pettet v. Pettet (1988),55 Ohio App.3d 128, 130. (Emphasis sic.)
 {¶ 15} The Supreme Court of Ohio has held that "[judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence." C.E. Morris Co. v. FoleyConstruction Co. (1978), 54 Ohio St.2d 279, syllabus.
 {¶ 16} "If a party wishes to challenge the * * * judgment as being against the manifest weight of the evidence he had best secure separate findings of fact and conclusions of law. Otherwise his already `uphill' burden of demonstrating error becomes an almost insurmountable `mountain.'" Pettet, supra, at 130.
 {¶ 17} In the case at bar, again, the magistrate issued a general finding in favor of appellant for $650. In its August 30, 2007 judgment entry, the trial court classified the magistrate's decision as a "general finding" which did "not provide for findings of fact and conclusions of law as permitted in Civ.R. 53(D)(3)(a)(ii)."
 {¶ 18} Appellant never requested specific findings of fact and conclusions of law either before the entry of the magistrate's decision or within seven days after the filing of that decision. Civ.R. 53(D)(3)(a)(ii). Although appellant represented himself in the small claims proceeding, he was not excused from complying with the mandate of Civ.R. 53(D)(3)(a)(ii).
 {¶ 19} We note that appellant had a well-written brief and made solid arguments on appeal. However, because appellant did not request specific findings of fact and conclusions of law, this court must presume the regularity of the proceedings below. *Page 6 
See French, supra, at 5-6. As a reviewing court, we are limited in our scope. "We must presume that the trial court heard the evidence, that the proper legal standard in evaluating the evidence was utilized, and that sufficient evidence was presented to support the trial court's judgment. * * * When a trial court acts as trier of fact in a case, the court has the authority to weigh the testimony and evidence and determine the witnesses' credibility. * * *." Lei kin Oldsmobile, supra, at ¶ 17. (Internal citations omitted.)
 {¶ 20} Since no error appears on the face of the record before us, we must uphold the trial court's judgment.
 {¶ 21} For the foregoing reasons, appellant's sole assignment of error is not well-taken. The judgment of the Willoughby Municipal Court is affirmed. It is ordered that appellant is assessed costs herein taxed. The court finds there were reasonable grounds for this appeal.
CYNTHIA WESTCOTT RICE, J., MARY JANE TRAPP, J., concur. *Page 1