## EFFECT OF REFUSAL OF JUDGE TO MAKE FINDINGS OF FACT AND LAW.

Court of Appeals for Hamilton County.

AARON STRAUSS v. NATHAN FRIEDMAN ET AL.

Decided, March 15, 1913.

*Prejudicial Error—Statutory Right Denied by Refusal to Make Proper Findings—Sections 11469 and 11470.*

1. It is mandatory upon a trial judge to make, when so requested, a special finding of fact separately from the conclusions of law, and his refusal so to do constitutes prejudicial error.
2. The statutory rights of a party to such a finding is in no way affected by the fact that his counsel sat silent at the opening of the trial, when the judge announced that he would consent to proceed with the trial of the case without a jury only on condition that he should not be asked to prepare a finding of fact and conclusions of law.

*Louis P. Pink* and *W. A. Hicks,* for plaintiff in error.
*Closs & Luebbert,* contra.

JONES, E. H., J.; JONES, O. B., J., concurs; SWING, P. J., dissents.

The controversy between parties to this action arose over a building contract.

When the case was reached for trial in the common pleas court the parties consented to trial without a jury.

The judgment entry of May 29th, 1912, describes the action of the trial judge, of which plaintiff in error complains, as follows:

"Such parties requested the court to determine the issues raised by such pleadings without intervention of a jury. The court consented so to do, provided such parties asked for no separate findings of fact and conclusions of law. Neither party at such time asked for such separate findings, and the court upon the pleadings and upon the evidence offered on the 7th day of May, 1912, found for the plaintiff, and that there was due to said plaintiff from the defendant, Aaron Strauss, the sum of $651. Thereupon within three days the defendant filed his motion for a new trial, which was overruled; and thereupon the defendant having requested separate findings of fact and conclusions of law, which request the court refused."

In another entry made May 29th, 1912, the court said:

"This cause coming on to be heard on the request of the defendant, Aaron Strauss, for a separate finding of fact and law filed herein, on consideration thereof the court overrules and refuses the same for the reason that at the beginning of the hearing of the action the court stated that it would try and determine the case as between plaintiff and defendant, Aaron Strauss, and render a verdict the same as a jury without any separate findings of fact or law and counsel for neither party made any objection thereto."

It is urged, as the sole ground of reversal, that the refusal of the court to make a special finding of fact separately from conclusions of law was without authority in law and prejudicial to the rights of plaintiff in error.

It seems to us that the question thus presented must be determined from an examination of the Ohio statutes on the subject and rules of practice not inconsistent therewith.

Sections 11469 and 11470, General Code, provide as follows:

11469. "In actions arising on contract the trial by jury may be waived by the parties and in other actions with the assent of the court," etc.    *    *    *

11470. "When questions of fact are tried by the court, its finding may be general for the plaintiff or defendant, unless with a view of excepting to the court's decision upon questions of law involved in the trial one of the parties so requests, in which case, the court shall state in writing the conclusions of fact found separately from the conclusions of law."

The latter section fixes no time at which the request for a separate finding is to be made.  It is mandatory upon the court and the right conferred upon the parties is an important and substantial one.

The trial judge was powerless to impose any condition upon the parties as, under Section 11469, his consent to try the case was not necessary.  Such being the law we do not see that the silence of counsel when the proposition of the judge was made can weigh against the statutory right of the parties.

It is said that the decision of the court was indorsed on the petition, on May 7th.  There is nothing on the appearance docket to show this fact.  Motion for a new trial was filed on May 9th and on May 14th, five days after, the request for separate findings was made.  This was fifteen days before the overruling of the motion for a new trial.

While it was not claimed by the lower court as a ground of refusal that the request was too late, we refer to these dates because it is claimed in argument here, that the request should have been made at the commencement of, or during the trial. This claim is not supported by law, by practice or by rules, in force at the time, of the court in which the cause was tried.

Decisions of courts in other states are cited which do not aid in the interpretation of our statutes and which, so far as we have examined them, are based upon different statutory provisions or established rules differing from those in vogue here.

It is argued by counsel for defendant in error that we can not reverse the judgment on the error assigned, there being no bill of exceptions containing the evidence from which to find that the plaintiff in error was prejudiced by the judgment.

In support of this contention the case of *Oxford Twp.* v. *Columbia*, 38 O. S., 87, is cited. In that case the court held that it was error to refuse the request for a finding of fact but affirmed the judgment nevertheless, on the ground that the bill of exceptions in the case showed that the judgment was right, based upon the facts as therein disclosed.

But, there is no transcript of the evidence in this case. The chief purpose of a finding of fact is to avoid a long bill of exceptions. To say that when a party to a cause is denied a right given by statute to avoid a bill of exceptions, he must then prepare a bill in order to show prejudice by such denial, seems to us unreasonable if not absurd.

Were there a bill of exceptions in the case under consideration the case cited would require that we examine it to see if the error committed were prejudicial, but nothing in the opinion in that case can possibly be construed to hold or even intimate that before a party can be heard to complain of a court's refusal of a substantial right he must cause a record of all the evidence in order to show prejudice.

As well might it be claimed that if the court had refused a request for a jury by a party to this action, such party would have to sit through the trial, produce his evidence and go to the expense of transcribing it in order to get redress in a reviewing court.

For the reason stated the judgment is reversed and cause remanded for a new trial.