NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**MANUEL LOSADA,**
*Petitioner,*

**v.**

**DEPARTMENT OF DEFENSE,**
*Respondent.*

---

2012-3020

---

Petition for review of the Merit Systems Protection Board in case no. DC0752100800-I-1.

---

Decided: June 12, 2012

---

MANUEL LOSADA, Avon Park, Florida, pro se.

A. BONDURANT ELEY, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and MARTIN F. HOCKEY, JR., Assistant Director.

---

Before BRYSON, DYK, and MOORE, *Circuit Judges*.

PER CURIAM.

Manuel Losada ("Losada") petitions for review of a decision of the Merit Systems Protection Board ("Board"), which affirmed a decision of the Department of Defense Education Activity ("DoDEA") to remove Losada for misconduct. *Losada v. Dep't of Defense*, No. DC-0752-10-0800-I-1 (M.S.P.B. Sept. 16, 2011) ("*Final Order*"); *Losada v. Dep't of Defense*, No. DC-0752-10-0800-I-1 (M.S.P.B. Feb. 14, 2011) ("*Initial Decision*"). We *vacate and remand*.

## BACKGROUND

In January 2009, Losada was employed by DoDEA as a guidance counselor at Naples Elementary School ("NES"), a school for military dependents overseas. In June 2010, DoDEA removed Losada for (1) "Unauthorized disclosure of confidential information" (the "unauthorized-disclosure charge") and (2) "Failure to follow procedures governing the reporting of child abuse" (the "failure-to-report charge"). The unauthorized-disclosure charge was based on four disclosures of confidential information in March and April 2010 to a reporter for *Stars and Stripes* magazine about identifiable students and teachers, including information about students' medical conditions and about a co-worker's discipline for misconduct. The failure-to-report charge was based on an e-mail sent on March 17, 2010, to the Office of Special Counsel ("OSC"),[1] with the subject "child hurt yesterday at NES by an adult," describing an incident of suspected abuse which Losada had not reported to the local Family Advocacy

---

[1] The Board erroneously stated that the March 17 e-mail was also sent to the *Stars and Stripes* reporter, but it was actually sent to Jennifer Pennington at OSC.

Program ("FAP") officer or to his immediate supervisor, as required by DoDEA Regulation 2050.9.[2]

Losada appealed his removal to the Board, alleging that he was removed in retaliation for protected whistleblowing activity and that the penalty of removal was disproportionate to the offense. The administrative judge ("AJ") noted that Losada had stipulated to the facts supporting the unauthorized-disclosure charge, and found that DoDEA had proven the failure-to-report charge by a preponderance of the evidence based on the March 17 e-mail. In particular, the AJ found that DoDEA Regulation 2050.9 requires personnel to "report all suspected or alleged child abuse to the local FAP officer and also the reporting employee's immediate supervisor," that Losada had been specifically reminded of this policy by his supervisor, and that Losada had testified that he was aware of the regulation and did not report the incident of suspected child abuse that he described in the March 17 e-mail. *Initial Decision*, slip op. at 5-6. The AJ concluded that the penalty of removal was reasonable under the factors set out in *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305-06 (1981).

---

[2]    The regulation states that "[i]t is DoDEA policy that all DoDEA personnel will participate in the identification of child abuse and the protection of children by *promptly* reporting *all* suspected or alleged child abuse to the local Family Advocacy Program officer and to the reporting employee's immediate supervisor." DoDEA Regulation 2050.9, *available at* http://www.dodea.edu/foia/iod/pdf/2050_9.pdf. "Child Abuse" is defined to include "physical injury, sexual maltreatment, emotional maltreatment, deprivation of necessities, or combinations for a child by an individual responsible for the child's welfare under circumstances indicating the child's welfare is harmed or threatened." *Id.*

The AJ also rejected Losada's Whistleblower Protection Act ("WPA") defense. Losada alleged that beginning in May 2009, he had made repeated disclosures about NES's mishandling of child abuse. Losada's list of protected disclosures in his initial appeal included the disclosures to the *Stars and Stripes* reporter in March and April 2010, as well the e-mail to OSC on March 17, 2010, although it did not include copies of these disclosures. The AJ rejected a prehearing documentary submission by Losada because it was untimely and not served on DoDEA, but the AJ advised Losada that he could admit any relevant documents during the hearing. At the hearing, Losada did not move to admit any documents, and the AJ found that he had failed to show that he had made any disclosures besides the charged disclosures to the reporter in March and April 2010. The AJ found that the disclosures to the reporter were not protected under the WPA because they mostly described "child-on-child" incidents, which are not "child abuse" under the applicable regulations. *Initial Decision*, slip op. at 14-15. The AJ mentioned Losada's WPA allegation that "on March 17, 2010, he 'contacted' [OSC] 'regarding the physical abuse of a child, which [he] witnessed first hand,'" but concluded that Losada "failed to introduce documentary evidence to support th[is] allegation[]," apparently not realizing that this was the same March 17 e-mail that was the basis for the failure-to-report charge. *Id.* at 10. The AJ also found, in the alternative, that even if Losada had demonstrated that he made a protected disclosure, DoDEA demonstrated that it would have removed him absent the protected disclosure. The AJ thus affirmed DoDEA's removal action. *Id.* at 23.

The Board denied Losada's petition for rehearing. The Board rejected Losada's argument that he had improper ex parte communications with the AJ, noting that

the parties had agreed to waive the prohibition against ex parte communications for settlement discussions. The Board also held that the statements attributed to the AJ did not establish bias; that the AJ did not err in rejecting Losada's untimely prehearing submission; and that Losada's new evidence involving unrelated misconduct by a DoDEA official was irrelevant. In reference to the WPA defense, the Board stated that the AJ's findings regarding Losada's disclosures to the reporter were "supported by the weight of the evidence in the record." *Final Decision*, slip op. at 5. Finally, in response to Losada's argument that NES officials offered inconsistent testimony at the hearing and in their depositions, the Board stated that it would defer to the AJ's credibility determinations. Except as modified by its discussion, the Board adopted the AJ's decision as the Board's final decision. *Id.* at 6. Losada timely appealed to this court, and we have jurisdiction under 28 U.S.C. § 1295(a)(9).

## DISCUSSION

Our review of final Board decisions is limited. Under 5 U.S.C. § 7703(c), we may only set aside agency actions, findings, or conclusions of law found to be "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence."

The WPA prohibits agencies from taking a personnel action with respect to an employee who makes a disclosure "which the employee or applicant reasonably believes evidences—(i) a violation of any law, rule, or regulation, or (ii) gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety." 5 U.S.C. § 2302(b)(8)(A); *see*

*Chambers v. Dep't of the Interior*, 515 F.3d 1362, 1367 (Fed. Cir. 2008).

Losada's primary argument on appeal is that the Board erred in rejecting his prehearing submission, which he alleges contained evidence of numerous protected disclosures under the WPA other than the five e-mails. We see no error in the Board's rejection of this submission. During the prehearing conference, the AJ extended the period for Losada to file a prehearing submission until December 2, 2010. Losada filed 111 disorganized pages on Friday, December 3, which did not match the documents he served on DoDEA. At the hearing on Monday, December 6, the AJ said, "I'm going to reject the documents for now, and to the extent that Mr. Losada wants to introduce those documents as evidence during the examination of witnesses, we'll address each exhibit as we move forward." Resp't's App. 135. Losada did not move to admit any documents during the hearing. After the hearing, Losada asked to admit a limited number of documents—not including his alleged disclosures—which the AJ admitted. "We leave discovery and evidentiary issues to the 'sound discretion of the board and its officials,' and 'will not overturn the board on such matters unless an abuse of discretion is clear and is harmful.'" *Chambers*, 515 F.3d at 1371 (quoting *Curtin v. Office of Pers. Mgmt.*, 846 F.2d 1373, 1378 (Fed. Cir. 1988)). The Board did not abuse its discretion in rejecting Losada's untimely submission while still allowing Losada to introduce documents during and after the hearing.

Thus, the only disclosures at issue in this appeal are the ones that were the bases for Losada's removal charges: the four disclosures to the *Stars and Stripes* reporter supporting the unauthorized-disclosure charge and the March 17 e-mail to OSC supporting the failure-to-report charge. The AJ analyzed the four disclosures to

the reporter and found that they generally described "child-on-child" incidents, which do not constitute "child abuse" and are thus not protected disclosures, and the Board adopted this conclusion. *Initial Decision*, slip op. at 14-15; *Final Decision*, slip op. at 5. We affirm the Board's decisions that DoDEA has proven the unauthorized-disclosure charge with respect to those four disclosures, and that those disclosures are not protected under the WPA.

A remand is required, however, with respect to the March 17 e-mail to OSC. The Board found that the disclosure in this e-mail demonstrated that Losada had violated DoDEA Regulation 2050.9, which was the basis for the failure-to-report charge. The Board also adopted the AJ's conclusion that Losada "failed to introduce documentary evidence to support [his] allegation[]" that "on March 17, 2010, he 'contacted' [OSC] 'regarding the physical abuse of a child, which [Losada] witnessed first hand.'" *Initial Decision*, slip op. at 10. The Board apparently incorrectly believed that the March 17 e-mail Losada sought to raise as a protected disclosure under the WPA was different from the March 17 e-mail that was the basis for the failure-to-report charge, and that the WPA e-mail was thus not in the record. Because the e-mail was in fact part of the record, the Board should have addressed it, even though Losada did not separately obtain its admission at his hearing.

The March 17 e-mail had the subject "child hurt yesterday at NES by an adult," and it described an incident in which an unknown adult "was holding down [a student's] hands and forearms very tightly to the desk" and the child "kept yelling 'Let me go', 'let me go.'" *Initial Decision*, slip op. at 5-6. Losada "testified he believed the incident as described . . . constituted child abuse," and the AJ concluded that Losada violated DoDEA Regulation

2050.9, which requires prompt reporting of child abuse. *Id.* If the March 17 e-mail described an incident of child abuse such that Losada violated DoDEA Regulation 2050.9, then it follows that the e-mail disclosed information which Losada "reasonably believe[d] evidences . . . a violation of any law, rule, or regulation." 5 U.S.C. § 2302(b)(8)(A).

Because the Board failed to address Losada's WPA defense regarding the March 17 e-mail, we must remand to the Board. The Board must determine whether the March 17 e-mail was a protected disclosure that was a "contributing factor" in the personnel action, and if so, whether DoDEA has met its burden of showing "by clear and convincing evidence that it would have taken the same personnel action in the absence of such a disclosure." 5 U.S.C. § 1221(e).[3]

This case is remanded to the Board for further proceedings consistent with this opinion.

COSTS

No costs.

---

[3] The Board should also determine whether the contents of the March 17 e-mail, if a protected disclosure, can nonetheless be used to establish misconduct by Losada. *See generally Kalil v. Dep't of Agriculture*, 479 F.3d 821, 824-25 (Fed. Cir. 2007); *Greenspan v. Dep't of Veterans Affairs*, 464 F.3d 1297, 1305 (Fed. Cir. 2006); *Watson v. Dep't of Justice*, 64 F.3d 1524, 1528-30 (Fed. Cir. 1995); *Marano v. Dep't of Justice*, 2 F.3d 1137, 1143 (Fed. Cir. 1993).