NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**MANUEL LOSADA,**
*Petitioner,*

v.

**DEPARTMENT OF DEFENSE,**
*Respondent.*

_____

2014-3047

_____

Petition for review of the Merit Systems Protection Board in No. DC-0752-10-0800-M-1.

_____

Decided: February 4, 2015

_____

MANUEL LOSADA, of Orlando, Florida, pro se.

A. BONDURANT ELEY, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With her on the brief were STUART F. DELERY, Assistant Attorney General, ROBERT E. KIRSCHMAN, JR., Director, and MARTIN F. HOCKEY, JR., Assistant Director.

_____

Before DYK, PLAGER, and MOORE, *Circuit Judges.*

DYK, *Circuit Judge.*

Manuel Losada seeks review of a decision of the Merit Systems Protection Board ("the Board"). The Board affirmed the Department of Defense Education Activity's ("DoDEA" or "the agency") removal of Losada for misconduct. Because the Board did not err in finding by clear and convincing evidence that Losada would have been removed even absent a protected disclosure, we affirm.

BACKGROUND

In June 2010, Losada was removed from his position as a Guidance Counselor at Naples Elementary School ("NES"), a school for military dependents overseas which is operated by DoDEA. Losada was removed for (1) unauthorized disclosure of confidential information based on four disclosures of confidential information to a reporter for Stars and Stripes magazine (the "unauthorized disclosure charge"); and (2) failure to follow procedures governing the reporting of child abuse (the "failure to follow procedures charge").

The circumstances surrounding Losada's removal are set forth in our opinion on Losada's prior appeal. See Losada v. Dep't of Defense, 484 F. App'x 529, 530–31 (Fed. Cir. 2012). Briefly, in March and April 2010, Losada disclosed confidential information about identifiable students and teachers to a reporter for Stars and Stripes. Id. at 530. And in a March 17, 2010, email ("the email") to the Office of Special Counsel ("OSC"), Losada described an incident of suspected child abuse that he had not reported in accordance with DoDEA regulations. Id.

In our prior decision, we affirmed the Board's finding that DoDEA had proven the unauthorized disclosure charge with respect to the four disclosures to *Stars and*

*Stripes*. Those disclosures were not protected under the Whistleblower Protection Act ("WPA"), 5 U.S.C. § 2302(b)(8)(A), because they "generally described 'child-on-child' incidents, which do not constitute 'child abuse' and are thus not protected disclosures . . . ." 484 F. App'x at 532 (citations omitted). We remanded with respect to the email that Losada sent to OSC. The subject line of the email was "child hurt yesterday at NES by an adult." *Id.* The email described an incident which Losada believed constituted child abuse. *Id.* at 533. We directed the Board to determine on remand (1) whether the email constituted a protected disclosure under the WPA that was a "contributing factor" in the personnel action against Losada, and, if so, (2) whether DoDEA met its burden of showing "by clear and convincing evidence that it would have taken the same personnel action in the absence of such a disclosure." 5 U.S.C. § 1221(e); 484 F. App'x at 533.

On remand, the administrative judge ("AJ") found that the email was a protected disclosure under the WPA and was also a contributing factor to the agency's removal decision. Nevertheless, the AJ determined that the agency demonstrated by clear and convincing evidence that it would have taken the same personnel action in the absence of Losada's email disclosure because Losada would have been removed based solely on the disclosure of confidential information to *Stars and Stripes* and the failure to report suspected child abuse.[1] The full Board denied Losada's petition for review and affirmed the

---

[1] We need not decide whether the first charge (the disclosure to *Stars and Stripes*) standing alone supports a finding that DoDEA "would have taken the same personnel action in the absence of such a disclosure." 5 U.S.C. § 1221(e)(2).

initial decision, finding that "the agency demonstrated that it properly considered all the relevant aggravating and mitigating circumstances in determining to impose removal based on the sustained charges." App. 30.

Losada seeks review of the Board decision. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

DISCUSSION

Our review of the Board's decision is limited in scope. We may only set aside an agency's "action, findings, or conclusions" if they are "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c).

The question is whether the agency properly established "by clear and convincing evidence that it would have taken the same personnel action in the absence of [a protected] disclosure." 5 U.S.C. § 1221(e)(2).

In *Department of Homeland Security v. MacLean,* No. 13-894, slip op. at 1 (Jan. 21, 2015), decided during the pendency of this appeal, the Supreme Court addressed the WPA's exception for disclosures that are "specifically prohibited by law." 5 U.S.C. § 2302(b)(8)(A). Under this exception, disclosures which would otherwise be protected under the WPA are not protected if they are "specifically prohibited by law." *Id.* The Court held that this exception applies only to statutes, rather than to agency rules or regulations. *MacLean*, slip op. at 11.

Under *MacLean,* if the basis for the failure to follow procedures charge were the disclosure to OSC via email in violation of DoDEA's regulations, that would not support a finding "by clear and convincing evidence that [DoDEA] would have taken the same personnel action in the absence of such a disclosure." 5 U.S.C. § 1221(e). But that

was not the case.  The DoDEA regulation does not prohibit whistleblower disclosure, but rather requires additional disclosure via particular channels.  The agency charge alleged:

> You failed to promptly report the suspected abuse to the local Family Advocacy Program [FAP] officer and to your immediate supervisor, as is required by DoDEA Regulation 2050.9.  In fact, you never reported the incident to you[r] first line supervisor.[2]

App. 15.  The AJ noted that "[s]ignificantly . . . the agency did not charge or seek to discipline the appellant for misconduct *because* he disclosed this information to OSC." App. 17 (emphasis in original).  And the Board further explained that "[t]he administrative judge found that the agency in this case did not discipline the appellant because he disclosed suspected child abuse, but rather because, after witnessing the incident, he did not timely report the information to agency officials as required by agency procedures . . . ."  App. 26.  Therefore, as the agency, the AJ, and the Board made clear, the basis of the second charge was that Losada did not disclose the suspected child abuse via the proper channels, rather than the sending of the email to OSC.

We see nothing in *MacLean* to suggest that agency employees cannot be disciplined for failing to adhere to applicable agency regulations requiring them to report misconduct through agency procedures in addition to

---

[2]    DoDEA Regulation 2050.9 requires the reporting of suspected child abuse to the local Family Advocacy Program ("FAP") officer or the employee's immediate supervisor.  *Losada*, 484 F. App'x at 529 & n.2 (citing DoDEA Regulation 2050.9).

their whistleblower disclosures through other channels. Here, substantial evidence supports the Board's finding that DoDEA proved by clear and convincing evidence that it would have removed Losada on the basis of the disclosures to *Stars and Stripes* and the failure to report suspected child abuse to the proper channels.

The Board also sufficiently addressed Losada's contentions with respect to the retaliatory motive of the deciding agency officials, a factor relevant to whether an agency would have taken the same personnel action in the absence of a protected disclosure. *See Carr v. Soc. Sec. Admin.*, 185 F.3d 1318, 1323 (Fed. Cir. 1999). Although the AJ may have improperly discounted this factor because the DoDEA officials responsible for the personnel action were not named in the email and testified that they did not act under a retaliatory motive, the Board sufficiently addressed this issue and amended the initial decision to find that the officials had "more than a minimal motive to retaliate" against Losada. And the Board nonetheless found that clear and convincing evidence supported Losada's removal. App. 28.

We have considered Losada's remaining arguments, and they are without merit.

## AFFIRMED

COSTS

No costs.